**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Adrian M. JAMES, Defendant-Appellee.**

No. 87–5061.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1987.

Decided Nov. 24, 1987.

Henry E. Hudson, U.S. Atty. (William G. Otis, John T. Martin, Asst. U.S. Attys., Alexandria, Va., on brief), for plaintiff-appellant.

Christopher Paul Schewe, Alexandria, Va., for defendant-appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Adrian M. James was indicted in count 1 for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and in count 2 for carrying a firearm during a crime of drug trafficking in violation of 18 U.S.C. § 924(c), which mandates a five-year sentence for carrying a firearm during a crime of drug trafficking. Section 924(c)(2) defines a "drug trafficking crime" as "any felony violation of federal law involving the distribution, manufacture, or importation of any controlled substance." Ruling that possession of cocaine with intent to distribute is not a "drug trafficking crime" within the meaning of § 924(c), the district court dismissed the second count of the indictment before trial. James was subsequently convicted of possession of cocaine with intent to distribute as charged in count 1. Pursuant to 18 U.S.C. § 3731, the government appeals from the order dismissing count 2. Because we find possession with intent to distribute to be a crime "involving" distribution, we reverse the order of the district court and direct that count 2 be reinstated.

The district court found in the legislative history of § 924(c) "no indication that Congress intended to include possession of a controlled substance within its coverage." Possession with intent to distribute, the court believed, was essentially a possession offense, and thus outside Congress's intended reach.

Our analysis begins with the plain words of the statute. If the terms of this statute are unambiguous on their face, or in light of ordinary principles of statutory interpretation, then "judicial inquiry is complete," *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); there is no need to consult legislative history nor to look to the "rule of lenity" that is applied in construing ambiguous criminal statutes.

We hold that § 924(c) by its terms unambiguously applies to crimes of possession

with intent to distribute. It is a commonplace rule of interpretation that, wherever reasonably possible, a statute should be interpreted so as to give some effect to each clause and word. In this case, we believe that violations "involving" the distribution, manufacture, or importation of controlled substances must be read as including more than merely the crimes of distribution, manufacturing, and importation themselves. Possession with intent to distribute is closely and necessarily involved with distribution. In fact, the line between the two may depend on mere fortuities, such as whether police intervene before or after narcotics have actually changed hands.

Furthermore, this interpretation is necessary to give rational effect to § 924(c). The statute is obviously intended to discourage and punish the deadly violence too often associated with drug trafficking. Such violence can readily occur when drug traffickers attempt to protect valuable narcotics supplies still in their possession or attempt to stop law enforcement officials from disrupting intended transactions. Section 924(c) ought not to be interpreted so narrowly as to exclude such dangerous situations.

Another district court considering this question read § 924(c) in the way we now do, *see United States v. Matra*, No. 86–00570–01 (W.D.Mo.1987) (unpublished), and dictum in a recent Eleventh Circuit case implies that, if confronted with the question, that circuit would agree that possession with intent to distribute is a "drug trafficking offense." *See United States v. Cruz*, 805 F.2d 1464, 1475 n. 12 (11th Cir.1986).

The order of the district court is reversed, and the case is remanded with instructions to reinstate the second count of the indictment.