**UNITED STATES of America**

v.

**Orville George POLLACK.**

**Crim. A. No. 3–88–0032–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 2, 1988.

Marvin Collins, U.S. Atty., Paul Macaluso, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

Mark E. Hasse and Marcus J. Busch, Busch & Hasse, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Defendant's Motion in Arrest of Judgment and Supporting Brief, filed October 18, 1988; Government's Response thereto, filed November 4, 1988; Defendant's Motion for New Trial, filed October 18, 1988; and Government's Response thereto, filed November 4, 1988. For the following reasons, the Court DENIES both of these motions.

### I. Defendant's Motion in Arrest of Judgment

#### A. *Defendant's Position*

The Defendant was convicted of violating 18 U.S.C. § 924(c)(1) for using a firearm in relation to a drug trafficking crime, to wit, the possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The Defendant contends that the language of 18 U.S.C. § 924(c) is clear and unambiguous and as such does not include the offense of possession with intent to distribute as a drug trafficking crime during which the carrying of a firearm is illegal. The Defendant also contends, however, that if the Court finds the statute is not clear, but rather is ambiguous, the rules of lenity and strict construction require interpreting ambiguities in favor of the Defendant. For the foregoing reasons the Defendant, therefore, moves this Court to arrest the judgment and dismiss the case.

#### 1. *Statutory Language*

█ Title 18 U.S.C. § 924(c)(2) states that the term "drug trafficking crime" means any felony violation of federal law involving the distribution, manufacture, or importation of any controlled substance (as defined in Section 102 of the Controlled Substances Act [21 U.S.C. § 802]). Defendant notes that Courts must generally follow the plain and unambiguous language of a statute. Defendant contends that a clear reading of 18 U.S.C. § 924(c)(2) does *not* include possession with intent to distribute as one of the drug trafficking crimes. Defendant also points out that neither "possession with intent to distribute" nor "possession" is mentioned in 21 U.S.C. § 802, the section referenced in 18 U.S.C. § 924(c). Further, the Defendant contends that the principle of strict construction does not permit the Court to find "possession" encompassed in the statutory language "involving distribution."

If the Court finds that the language of the statute, "involving distribution," is ambiguous, then according to the Defendant the Court must apply the rule of lenity. The Defendant contends that to overcome the rule of lenity, the statute must be plain and unmistaken in making particular conduct a federal offense. The Defendant contends that the firearms statute does not overcome the rule of lenity and if this Court does not apply the rule of lenity in favor of the Defendant, the Court will violate the due process requirement of fair warning.

#### 2. *Legislative History*

The Defendant also analyzes the legislative history of the firearm statute to sup-

port his position that possession with intent to distribute is not a drug trafficking crime covered by the statute. The Defendant points out that the language of the firearm statute progressed from prohibiting the carrying of a firearm during the commission of "any felony" to "crimes of violence" to the present "crimes of violence or drug trafficking crimes." Defendant contends that when Congress added "drug trafficking crimes" to the firearm statute, Congress specified the prohibited activity. Defendant asserts that Congress' silence regarding possession with intent to distribute clearly indicates that such conduct was not to be included in this statute.

### B. *Government's Position*

In support of its position, the Government relies on cases which have specifically stated that possession with intent to distribute is a drug trafficking crime within the meaning of the firearm statute. For example, in *United States v. Robinson*, 857 F.2d 1006, 1010 (5th Cir.1988), the Fifth Circuit held that "[p]ossession of cocaine with intent to distribute it is a 'drug trafficking' crime with [sic] the meaning of § 924(c)(1). *See* 18 U.S.C. § 924(c)(2)." The Fifth Circuit did not set forth any statutory analysis prior to reaching this conclusion. The holding was issued in relation to a sufficiency of the evidence challenge to a defendant's conviction for firearm use in connection with a drug trafficking offense.

The Government also relies on a recent Fourth Circuit opinion, *United States v. James*, 834 F.2d 92 (4th Cir.1987). The *James* case addressed the precise issue before the Court. The *James* court found that § 924(c) is unambiguous and interpreted the statute to apply to crimes of possession with intent to distribute. *Id.* at 92–93. The court noted that possession with intent to distribute is closely and necessarily involved with distribution. *Id.* at 93. The court also considered police interruption of intended drug transactions and found that the court's interpretation was necessary to give rational effect to § 924(c). *Id.*

The Government also cites a recent Eighth Circuit opinion, *United States v. Matra*, 841 F.2d 837 (8th Cir.1988). The *Matra* court's analysis closely parallels the *James* court's analysis. The *Matra* court, however, also noted that conviction for the crime of possession of cocaine with intent to distribute requires proof of the defendant's specific intent to distribute. *Id.* at 843. The *Matra* court, therefore, found possession with intent to distribute a crime clearly "involving" the distribution of cocaine. *Id.*

Finally, the Government relies on the Eleventh Circuit opinion, *United States v. Cruz*, 805 F.2d 1464, 1475 n. 12 (11th Cir. 1986), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987). This case is not as clearly on point as *James* or *Matra*. The *Cruz* opinion does indicate, however, that the Eleventh Circuit would probably uphold the possession of narcotics with intent to distribute as a drug trafficking crime within 18 U.S.C. § 924(c).

### C. *Analysis*

The Defendant's general statutory analysis is very persuasive. The Defendant does not, however, cite any cases supporting his interpretation of the particular statute in question.

On the other hand, the Government's position is supported by cases that directly address the issue before the Court. Although the Fifth Circuit's *Robinson* opinion does not contain any statutory analysis, the conclusion reached in *Robinson* together with the cases from the other circuits strongly suggests that the Fifth Circuit would uphold the Defendant's conviction. Accordingly, the Court DENIES Defendant's Motion in Arrest of Judgment.

### II. Defendant's Motion for New Trial

Defendant asserts that a new trial is warranted for two reasons. First, Defendant contends that the Court erred in not suppressing evidence seized pursuant to the search warrant. Second, Defendant contends that the Court erred in admitting hearsay statements from the search warrant affidavit.

## A. *Suppression of Evidence*

On this point, Defendant basically reiterates the issues and authorities Defendant relied on in his pre-trial motion to suppress. Defendant again asserts that the search warrant was facially deficient as to probable cause and did not meet the totality of the circumstances requirements of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Defendant also contends that the defects cannot be cured by good faith created in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), because the magistrate demonstrated reckless disregard for the truth and abandoned his judicial role in signing the search warrant.

The Government's position remains that it demonstrated sufficient probable cause for issuance of the search warrant under *Illinois v. Gates* and *U.S. v. Phillips*, 727 F.2d 392 (5th Cir.1984). The Government also maintains the search warrant was executed in objective good faith consistent with *United States v. Leon* and *United States v. Gant*, 759 F.2d 484 (5th Cir.1985). The Government further notes that these issues have already been fully explored and considered at the pre-trial hearing on Defendant's motion to suppress.

In denying Defendant's pre-trial motion to suppress, the Court relied on *Illinois v. Gates, United States v. Gant, United States v. Phillips* and *United States v. Leon*. The Court specifically found that the search warrant demonstrated sufficient probable cause and that the magistrate's determination as to probable cause was accurate under the totality of the circumstances test. The Court further ruled that if any deficiencies had been overlooked, the Court found that the warrant was executed in good faith and that none of the exceptions in *United States v. Leon* apply to preclude the application of the good faith standard. Defendant has not raised any new issues or authorities the Court has not already fully considered in connection with Defendant's pre-trial motion to suppress. Accordingly, the Court DENIES Defendant's Motion for New Trial with respect to this point.

## B. *Admission of Hearsay*

Defendant contends that the admission of hearsay statements from the search warrant affidavit violated Defendant's rights to due process and a fair trial, and also necessitates a new trial. The Defendant complains specifically about the Court's admission of hearsay statements concerning the description of a person in the warrant, which description matches the Defendant. These statements were admitted over Defendant's objection.

The Court admitted these statements not for the truth of the matter asserted, but rather to show the basis for the officer's actions. Defendant contends that this admission was improper, because the officer in this case acted pursuant to a search warrant and not because of a particular description. Further, the Defendant maintains that this hearsay was not only inadmissible, but extraordinarily damaging to the Defendant's case.

The Government notes that Defendant cites no authority supporting his position that under these facts the testimony, if error, was reversible. The Government points out that the Court carefully instructed the jury not to consider the testimony in question for the truth of it, but only as a basis for the officer's actions. The Government relies on *United States v. Herrera*, 455 F.2d 157 (5th Cir.1972), for the proposition that such testimony is properly admissible where as in this instance the Court instructed the jury on the proper use of the evidence.

The Government also maintains that the other evidence presented in the case is sufficient to uphold Defendant's conviction independent of the hearsay testimony in question. The Government cites *United States v. Gomez*, 529 F.2d 412, 417 (5th Cir.1976), for the proposition that to require a new trial based on the admission of evidence there must be a significant possibility that this evidence, in light of the other evidence presented, had a "substantial impact" on the verdict. The Government is of the opinion that viewed in the context of the other evidence presented

against this Defendant that the description did not control the jury's decision.

The Defendant did not cite any authority to support its request for a new trial on this point. The authority cited by the Government supports its position. Given the Court's instructions to the jury with respect to this testimony and given the other evidence presented in this case (i.e. the physical possession of the weapon, flight, possession of a substantial sum of cash, and possession of substances identical to the substance in the underlying drug offense), the Court DENIES Defendant's Motion for New Trial on this point.

SO ORDERED.