884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ken Rodger WALKER, Defendant-Appellant.
 No. 88-5685.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1989.
Decided July 24, 1989.
 
 Thomas C. Carter on brief for appellant.
 Henry E. Hudson, United States Attorney, Erika W. Nijenhuis, Special Assistant United States Attorney, William G. Otis, Assistant United States Attorney, Paul George Cassell, Assistant United States Attorney on brief for appellee.
 Before HARRISON L. WINTER and WIDENER, Circuit Judges, and JAMES H. MICHAEL, Jr. United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case comes before the court on an appeal from a judgment of conviction; trial by jury was had on a twelve count indictment, alleging various felony violations of Title 18, U.S.C., concerning controlled substances and firearms. The trial court denied the appellant's various motions for acquittal on various counts, with the exception of Counts IX and X, so that the appellant stands convicted on the remaining ten counts. Counts I and II charged the appellant with possession of cocaine and "crack" cocaine with intent to distribute. Count III charged the appellant "did knowingly, intentionally, and unlawfully use and carry a firearm, to-wit: a loaded Beretta 9mm semi-automatic handgun, during and in relation to a drug trafficking crime, i.e., possession with intent to distribute cocaine and cocaine base, Schedule II controlled substances."
 
 
 2
 This appeal turns entirely on the assertion of error on the part of the trial court in failing to grant an acquittal on Count III of the indictment, which count, as indicated, charged the appellant with the use of and the carrying of a firearm during a drug trafficking offense under 18 U.S.C. Sec. 924(c)[1].
 
 
 3
 The appellant's argument is that possession of a controlled drug with intent to distribute, as set out in Counts I and II, is not a crime involving the distribution of a controlled substance within the meaning of 18 U.S.C. Sec. 924(c). There are no disputes of any consequence concerning the factual pattern underlying Count III.
 
 
 4
 The appellant, with admirable candor and forthrightness, concedes that a decision of this court in 1987 dealing with this precise issue was decided squarely against the contention the appellant makes here. United States v. James, 834 F.2d 92 (4th Cir.1987).
 
 In James, this court held that:
 
 5
 Sec. 924(c) by its terms unambiguously applies to crimes of possession with intent to distribute. It is a commonplace rule of interpretation that, wherever reasonably possible, a statute should be interpreted so as to give some effect to each clause and word. In this case, we believe that violations 'involving' the distribution, manufacture, or importation of controlled substances must be read as including more than merely the crimes of distribution, manufacturing, and importation themselves. Possession with intent to distribute is closely and necessarily involved with distribution. In fact the line between the two may depend on mere fortuities, such as whether police intervene before or after narcotics have actually changed hands.
 
 
 6
 While the reading of 18 U.S.C. Sec. 924(c) by the appellant is narrow, the error of that unduly narrow reading is further compounded by appellant's attempts to incorporate other subsections of Sec. 924. The appellant relies on the fact that Congress set out explicitly in 18 U.S.C. Sec. 924(e)(2)(A)(ii) the offense of possession with intent to distribute, whereas appellant asserts that subsection (c) does not do so in those words, and thus the appellant contends the Congress cannot have intended to have Sec. 924(c) read so as to encompass the offense of possession with intent to distribute.
 
 
 7
 Section 924(e) provides for enhancement of penalties for those who may violate 18 U.S.C. Sec. 922(g). Section 922 prohibits certain persons from "shipping, transporting, or receiving in interstate or foreign commerce firearms or ammunition" where those person have had three previous convictions for a "violent felony or a serious drug offense or both." Further, Sec. 924(e)(2) defines "serious drug offense," in the following language:
 
 
 8
 (2) As used in this subsection--
 
 
 9
 (A) the term "serious drug offense" means--
 
 
 10
 (i) an offense under the Controlled Substances Act ... for which a maximum term of ten years or more is prescribed by law; or
 
 
 11
 (ii) an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance....
 
 
 12
 By its terms, Sec. 924(e)(2)(A)(ii), relied on by the appellant, defined what state law crimes constitute serious drug offenses. Section 924(e)(2)(A)(i) applies to federal crimes, such as that of which appellant was convicted, and instead of enumerating what crimes are included, it looks to the length of sentence which can be imposed. It is clear that the penalties for possession with intent to distribute controlled substances in the quantities involved in this case equal or exceed a maximum of ten years. 21 U.S.C. Sec. 841. Thus, it is clear that Sec. 924(e)(2)(A)(i) includes possession with intent to distribute, even though it does not do so explicitly. Appellant's reliance on the explicit reference in the state crime subsection, Sec. 924(e)(2)(A)(ii), is misplaced.
 
 
 13
 If any doubt remained as to Congress' intent to include possession with intent to distribute within the reach of Sec. 924(c), it was removed with the passage of the Anti-Drug Abuse Act of 1988, Pub.L. No. 100-960, Sec. 6262, 102 Stat. 4181, 4360 (1988), which added the following language to Sec. 924(c):
 
 
 14
 (2) For the purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. Sec. 801 et. seq.)....
 
 
 15
 While this amendment was enacted subsequent to the arrest and trial in this case, it makes explicit what was implicit at that time: possession with intent to distribute is included in Sec. 924(c).
 
 
 16
 In brief, the arguments made by appellant here were essentially made to and considered by the court in James, and were resolved adversely to the position of the appellant.
 
 
 17
 It is pertinent to note that the analysis set out herein and that in James accords with the holding set out in United States v. Matra, 841 F.2d 537 (8th Cir.1986) and in United States v. Cruz, 805 F.2d 1464 (11th Cir.1986), cert den., 107 S.Ct. 1631 (1987).
 
 
 18
 The appellant suggests that this "court should discard United States v. James and hold that the term 'drug trafficking offense' as used in 18 U.S.C. Section 924(c) does not include the crime of possession with intent to distribute a controlled substance." (Appellant's brief at 13). This court must decline the invitation. The reasoning of James is wholly applicable in this case. Therefore, the judgment of the court below is
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 924 provides in pertinent part:
 (c)(1) Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years....
 (c)(2) For purposes of this subsection, the term "drug trafficking crime" means any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance....