UNITED STATES of America, Plaintiff–Appellee,

v.

Manuel Vasquez CONTRERAS, Defendant–Appellant.

No. 88–1405.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 1989 *.

Decided Feb. 8, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Carleen R. Aldridge, Rose & Arnold Law Corp., San Jose, Cal., for defendant-appellant.

Robert A. Crowe, Asst. U.S. Atty., San Jose, Cal., for plaintiff-appellee.

Before TANG, SKOPIL and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

Manuel Vasquez Contreras appeals from his sentencing on various drug charges. We affirm.

## FACTS

The FBI arrested Contreras after he had arranged a major cocaine sale with an undercover agent and made the initial delivery of five kilograms. At the time of delivery, Contreras had a semi-automatic pistol stuck in his waistband. He was indicted along with nine others and charged with six of the eighteen counts: conspiracy to distribute cocaine, 21 U.S.C. § 846; posses-sion of five kilograms of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and three telephone counts, 21 U.S.C. § 843(b). A jury found Contreras guilty on all counts. It answered affirmatively a special interrogatory asking whether he had possessed in excess of five kilograms of cocaine with intent to distribute.

The district court sentenced Contreras to fifteen years in prison. The court rejected Contreras's contentions that 21 U.S.C. § 841(b)(1)(A) permits the court the discretion to impose less than the designated minimum 10–year prison sentence and that the provision constitutes cruel and unusual punishment. The district court also held, contrary to Contreras's claim, that the crime of possession with intent to distribute is a crime "involving" distribution, making Contreras subject to the 18 U.S.C. § 924(c) 5–year sentence enhancement for possession of a firearm during a drug trafficking offense. Contreras appeals these district court rulings. We have jurisdiction under 28 U.S.C. § 1291 and review Contreras's claims de novo as questions of law. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## DISCUSSION

I. *Section 841(b)(1)'s "Minimum" Sentences*

In 21 U.S.C. § 841(b)(1)(A), Congress has prescribed the punishment for Contreras's section 841(a)(1) violation. A person convicted of a section 841(a)(1) crime involving five kilos or more of cocaine who has no prior convictions *"shall* be sentenced to a term of imprisonment which *may not* be less than 10 years or more than life" (emphasis added). This court has previously held that this provision mandates a prison sentence of at least ten years. *United States v. Hoyt*, 879 F.2d 505, 511–12, *modified*, 888 F.2d 1257 (9th Cir.1989). Contreras, however, presents an argument not addressed in *Hoyt*. He fo-

cuses on the words "shall" and "may" in the statute and argues that Congress's use of the word "may" indicates its intention that courts have discretion to sentence for *less* than ten years under section 841(b)(1)(A).

Contreras points first to the language of the other section 841(b)(1) provisions. In language similar to subparagraph (A), subparagraph (B) provides that a person guilty of an offense involving more than 500 grams but less than five kilos of cocaine, without a prior conviction, *"shall* be sentenced to a term of imprisonment which *may not* be less than 5 years and not more than 40 years" (emphasis added). For other quantities of controlled substances not addressed by subparagraphs (A) and (B), however, the language changes. Subparagraph (C) states that the convicted defendant "shall be sentenced to a term of imprisonment of not more than 20 years," and subparagraph (D) likewise states that the defendant "shall ... be sentenced to a term of imprisonment of not more than 5 years." Contreras notes, essentially, that these two provisions contain the word "shall" but, in contrast to subparagraphs (A) and (B), do not contain the word "may."

Contreras cites *Koch Ref. Co. v. United States Dep't of Energy,* 497 F.Supp. 879, 891 (D.Minn.1980), which contrasts "may" and "shall" and notes that "may" is commonly employed to grant discretionary or permissive authority, while "shall" is used to issue a mandatory directive. "May" and "shall" are not syntactic equivalents, however, in their section 841(b)(1) uses. Specifically, Contreras conveniently ignores the word "not" following the word "may." By isolating "may" and "shall" from their context, Contreras attempts to avoid the statute's ordinary meaning. "May not" unambiguously means that the trial court does *not* have discretion to give less than the designated term.

Contreras argues that the distinction between the (A)–(B) language and the (C)–(D) language indicates Congress's intent that the provisions have different meanings. Aside from the hornbook law that a statute

should be applied according to its terms if unambiguous, *see Hallstrom v. Tillamook County,* — U.S. —, 110 S.Ct. 304, 308–09, 107 L.Ed.2d 237 (1989), the provisions are different in that subparagraphs (C) and (D) set only a minimum sentence, while subparagraphs (A) and (B) set both a minimum and a maximum. The contrast Contreras sets up between the two pairs of provisions is thus made of straw. There is no "mandatory minimum" in (C) and (D) to contrast with Contreras's proposed "discretionary minimum"[1] in (A) and (B). Because the sentencing provisions are not alike, the language difference does not have the import that Contreras claims. Furthermore, rather than giving the statute a missing integrity, Contreras's suggestion would write the (A) and (B) minimums out of the statute.

Contreras argues nevertheless that two policy considerations favor interpreting the sentencing provisions as he suggests. First, the sentencing provisions are at least ambiguous, and so the rule of lenity should apply. On the contrary, however, the statute's sentencing prescriptions are entirely unambiguous. Second, Contreras cites the presumption against divesting courts of equitable jurisdiction. Under the sentencing provision, however, courts still have discretion to sentence between the minimum and maximum. Contreras in fact received the minimum.

The statute is clear. The district court was correct in finding that it did not have discretion to sentence Contreras to less than ten years for his section 841(a)(1) violation.

## II. *Eighth Amendment*

■ Contreras also asserts that 21 U.S.C. § 841(b)(1)(A) violates the eighth amendment prohibition against cruel and unusual punishment. Ninth circuit precedent is to the contrary. *Hoyt,* 879 F.2d at 512–14.

## III. *Section 924(c)*

■ When Contreras was arrested upon delivering the five kilos, he had a semi-au-

---

**1.** This is admittedly an internally contradictory term.

tomatic pistol stuck in his waistband. Under 18 U.S.C. § 924(c)(1), "[w]hoever, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years...." Section 924(c) prohibits suspending this sentence, making it a probation term, or shortening the prison term through parole, and provides that the five years cannot run concurrently with any other prison term.

When Contreras was arrested, section 924(c)(2) defined "drug trafficking crime" as "any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance." Contreras argues that possession with intent to distribute is not a crime "involving" distribution.[2] He crafts this argument from three parts: (1) a congressional amendment to the definition of "drug trafficking crime" indicates that Contreras's crime does not fall within the definition applicable to Contreras, (2) possession with intent to distribute is a separate and distinct crime from distribution, and (3) a "distribution" is not completed when the accused possesses but only intends to distribute without having already done so.

Beginning with the first assertion, in 1988 Congress amended section 924(c)(2) to define "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.)." Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 6212, 102 Stat.

4181, 4360. Contreras contends that the language change indicates Congress's intention to broaden the definition of drug trafficking crimes in the 1988 amendment. Congress itself, however, labeled the change a "clarification,"[3] indicating that it had always considered possession with intent to distribute—a felony punishable under the Controlled Substances Act—a drug trafficking crime within the meaning of section 924(c).

The other two components to Contreras's argument that possession with intent to distribute should not be considered a crime "involving" distribution also fail. First, just because possession with intent to distribute is a separate crime from distribution does not mean that it is not a crime "involving" distribution. Under this reasoning, distribution alone would qualify as a crime "involving" distribution. Second, that the defendant possesses the drug with the intent to distribute but has not been charged with completing the distribution[4] does not mean the crime does not "involve" distribution. By its terms, the crime concerns distribution. Furthermore, under Contreras's view, whether section 924(c) could apply would depend on when the police intervened in a drug arrest—before or after the drugs changed hands. We should not pressure law enforcement officials to permit illegal activity, and the accompanying danger to all involved, to continue any longer than absolutely necessary.

The other courts that have addressed Contreras's argument have disagreed with him. In *United States v. James*, 834 F.2d 92, 93 (4th Cir.1987), the court stated,

> should be bound by the choices they make as to what crimes to charge. If they choose not to charge distribution, even though it occurred, they should not be able to enhance the sentence as if they did. This would take away a prosecutor's discretion, however, to charge the lesser crime and still charge a section 924(c) violation. The probable result would be that prosecutors would go ahead and charge the greater crime. We question whether Contreras or other defendants would find this particular limitation on prosecutorial discretion in their best interest.

**2.** We are willing to accept in this context Contreras's assertion that possession with intent to distribute is not a crime involving manufacture or importation of controlled substances.

**3.** The title for section 6212 is "Clarification of Definition of Drug Trafficking Crimes in Which Use or Carrying of Firearms and Armor Piercing Ammunition Is Prohibited."

**4.** In many cases a defendant is charged with possession with intent to distribute when the facts demonstrate that she or he actually completed a distributing act. This is true in Contreras's case. Contreras argues that prosecutors

[W]e believe that violations "involving" the distribution, manufacture, or importation of controlled substances must be read as including more than merely the crimes of distribution, manufacturing, and importation themselves. Possession with intent to distribute is closely and necessarily involved with distribution. In fact, the line between the two may depend on mere fortuities, such as whether police intervene before or after narcotics have actually changed hands.

*See also United States v. Henry,* 878 F.2d 937, 943 (6th Cir.1989); *United States v. Matra,* 841 F.2d 837, 843–44 (8th Cir.1988); *United States v. Pollack,* 701 F.Supp. 117, 118–19 (N.D.Tex.1988), *aff'd,* 890 F.2d 1162 (5th Cir.1989). These courts' and our interpretation of section 924(c) is fully consistent with Congress's intent to discourage and punish the violence associated with drug trafficking. *See James,* 834 F.2d at 93. The district court correctly ruled that Contreras cannot avoid the section 924(c) mandatory sentence enhancement.

## CONCLUSION

We affirm the district court on each of the three rulings appealed by Contreras. Contreras's challenge to his sentence fails.