941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony MOORE, Defendant-Appellant.
 No. 91-5128.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 16, 1991.
Decided Aug. 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-90-75-R)
 William J. Doran, III, Richmond, Va., for appellant.
 Henry E. Hudson, United States Attorney, Howard C. Vick, Jr., Assistant United States Attorney, Esther Windmueller, Third Year Law Intern, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Moore appeals his conviction of one count of attempted possession with intent to distribute over 50 grams of crack cocaine in contravention of 21 U.S.C. §§ 841 and 846. He was sentenced to the statutory minimum of 120 months imprisonment and five years supervised release. On appeal Moore challenges only the sentence imposed by the district court. Finding no error, we affirm.
 
 
 2
 As the district court correctly found, a conviction of possession with intent to distribute more than 50 grams of crack cocaine carries a statutory minimum penalty of ten years imprisonment and a five year supervised release period. 21 U.S.C. § 841(b)(1)(A)(iii). Further, the penalty for possession with intent to distribute also applies, by statute, to an attempt to possess with intent to distribute. 21 U.S.C. § 846.
 
 
 3
 Moore argues that the § 841(b) penalties should not apply to the § 846 attempt conviction because the current § 841(b) penalties were adopted after § 846, and because Congress' primary goal in revising § 841(b) was to increase the penalties for major drug offenders. However, the language of § 846 clearly states that a defendant convicted of attempt is to receive the same penalty as a defendant who carried out the § 841(a) offense. Because Congress did not change the language of § 846, there is no basis for deciding that it should not be followed. Therefore, this argument is without merit.
 
 
 4
 Moore also argues that the sentence imposed on him was disproportionately harsh to the nature of his offense, and that the sentence therefore violates the eighth amendment's prohibition against cruel and unusual punishment. In a challenge to the 10-year minimum provided by § 841(b)(1)(A), the Ninth Circuit held that the district court did not have discretion to sentence the defendant to less than 10 years. United States v. Contreras, 895 F.2d 1241, 1243 (9th Cir.1990). This Court has held that the proportionality of a sentence may only be attacked when the penalty is at least a life sentence without possibility of parole. United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.), cert. denied, 488 U.S. 983 (1988); United States v. Polk, 905 F.2d 54, 55 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S.1990). Although the sentence received by Moore was harsh, it cannot be challenged as disproportionate under the dictates of Whitehead and Polk.
 
 
 5
 In light of the clear precedent on this issue, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.