**In re Dominic F. ANTONELLI, Jr., Debtor.**

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF D.F. ANTONELLI, Jr., Judith D. Antonelli, et al., Plaintiffs,

v.

UNITED STATES of America, the District of Columbia, et al., Defendants.

Bankruptcy No. 91–4–0254–PM.
Adv. No. 92–A–0134–PM.

United States Bankruptcy Court, D. Maryland, at Rockville.

Nov. 6, 1992.

Richard D. Bennett, U.S. Atty. for the D. Md., Baltimore, MD, Roger Frankel, Swidler & Berlin, William P. Barr, Atty. Gen., Stuart M. Fischbein, U.S. Dept. of Justice, Washington, DC, Julia Freit, Office of the Atty. Gen., Baltimore, MD, for the U.S.

Janice Stokes, Office of the Corp. Counsel, Washington, DC.

Richard P. Schifter, Arnold & Porter, Washington, DC.

Office of the County Atty., Montgomery County Atty's Office, David Frankel, Rockville, MD.

## MEMORANDUM OF DECISION

(Passive Activity Losses)

PAUL MANNES, Chief Judge.

Before the court is a motion for summary judgment as to one aspect of the complaint brought by the Official Committee of Unsecured Creditors of D.F. Antonelli, Jr. and Judith D. Antonelli, et al.. The underlying complaint seeks a declaratory judgment as to the tax treatment to be accorded the parties under a joint plan of reorganization.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 (Districts Courts have original and exclusive jurisdiction of all cases under Title 11), and 28 U.S.C. § 157(a) and Maryland District Court Local Rule 402 (all cases under Title 11 as proceedings arising under Title 11 or arising in or related to cases under Title 11 are deemed referred to the Bankruptcy Judges of this District).

This action constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(O).

Plaintiffs seek in this motion summary judgment on Ruling 6(a)(7) contained in Appendix A of the Complaint specifically a determination that pursuant to § 1398 of the Internal Revenue Code and § 541 of the Bankruptcy Code, that the Debtors' prepetition passive activity losses and credits are tax attributes of the joint estate. For the reasons set forth, and based upon tax law as it exists today, the court finds that the Debtors' prepetition passive activity losses ("PALs") are not property of the Debtors' estate.

PALs are operating and capital losses generated by passive activities. Through legislation designed to curb the use of tax shelters, use of PALs has been limited. The Internal Revenue Code defines passive activity losses ("PALs") as follows:

26 U.S.C. § 469 **Passive activity losses and credits limited.**

(c) **Passive activity defined**

(1) **In general.** ·The term "passive activity" means any activity

(A) which involves the conduct of any trade or business, and

(B) in which the taxpayer does not materially participate.

(2) **Passive activity includes any rental activity.**

Pursuant to 26 U.S.C. § 469(d)(1), first a taxpayer must identify passive activities for the year and then combine the income and losses from these activities. Any resulting net loss is that year's total PAL. 26 U.S.C. § 469(d)(1). That PAL is then reallocated among the passive activities that generated a loss for the year based on the ratio of each activity's separate loss compared to the total losses of all passive activities incurred that year.

Thus, a PAL, is a usable attribute to the *specific activity* and may even be carried forward and allowed as a deduction in calculating that activity's income or loss in the following year. The PAL may only be used as a deduction for the specific activity responsible for its generation. Once the specific passive activity is discontinued, the PAL that is attributable to it expires.

11 U.S.C. § 541 defines property of the debtor's estate. That section provides in part:

(a) The commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

The comprehensive nature of this concept was described by the Court in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983):

Both the congressional goal of encouraging reorganizations and Congress' choice of methods to protect secured creditors suggest that Congress intended a broad range of property to be included in the estate.

B

The statutory language reflects this view of the scope of the estate. As noted above, § 541(a)(1) provides that the 'estate is comprised of all the following property, wherever located: ... all legal or equitable interests of the debtor in property as of the commencement of the case.' 11 U.S.C. § 541(a)(1) (1976 ed., Supp. V). The House and Senate Reports on the Bankruptcy Code indicate that § 541(a)(1)'s scope is broad. Most important, in the context of this case, § 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. See H.R.Rep. No. 95–595, p. 367 (1977). Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.

(While footnotes 8, 9, and 10 have been omitted from this opinion, reference is made for a statement of the unmistakable

intent of Congress of the expansive nature of this concept).

The following part of § 346 of the Bankruptcy Code is applicable to this dispute:

**§ 346 Special Tax Provisions.**

(a) Except to the extent otherwise provided in this section, subsections (b), (c), (d), (e), (g), (h), (i), and (j) of this section apply notwithstanding any State or local law imposing a tax, but subject to the Internal Revenue Code of 1954.

\* \* \* \* \* \*

(i)(1) In a case under Chapter 7, 12, or 11 of this title concerning an individual, the estate shall succeed to the debtor's tax attributes, including—

(A) any investment credit carryover;

(B) any recovery exclusion;

(C) any loss carryover;

(D) any foreign tax credit carryover;

(E) any capital loss carryover; and

(F) any claim of right

Section 346(a) mandates that the federal tax law (Internal Revenue Code) takes precedence over the tax provisions of the Bankruptcy Code except as otherwise provided in § 346. As a result, the court must apply the applicable revenue code provisions. The tax attributes of the debtor that the Bankruptcy Estate succeeds to are set forth in I.R.C. § 1398(g) as follows:

(1) **Net operating loss carryovers.**

(2) **Charitable contributions carryover.**

(3) **Recovery of tax benefit items.**

(4) **Credit carryovers, etc.**

(5) **Capital loss carryovers.**

(6) **Basis, holding period, and character of assets.**

(7) **Method of accounting.**

(8) **Other attributes.** Other tax attributes of the debtor, to the extent provided in regulations *prescribed by the Secretary* as necessary or appropriate to carry out the purposes of this section.

This is an exhaustive list and does not include passive activity losses as defined in I.R.C. § 469. One reason for this is that passive activity losses did not exist at the time I.R.C. § 1398 was enacted. Congress contemplated that additional tax attributes would evolve and be added to § 1398(g)(8). This subsection states that only the Secretary may make such a determination to effectuate the purposes of this section. There is no gap in this legislation that might encourage judicial extension of this section. *Cf. United States v. Locke*, 471 U.S. 84, 95, 105 S.Ct. 1785, 1792–93, 85 L.Ed.2d 64 (1985).

In *United States v. James*, 834 F.2d 92 (CA4 1987) the court set out a clear and unambiguous guide for statutory construction:

Our analysis begins with the plain words of the statute. If the terms of this statute are unambiguous on their face, or in light of ordinary principles of statutory interpretation, then 'judicial inquiry is complete,' *Rubin v. United States*, 449 U.S. 424, 430 [101 S.Ct. 698, 701, 66 L.Ed.2d 633] (1981); there is no need to consult legislative history nor to look to the "rule of lenity" that is applied in construing ambiguous criminal statutes.

*See, Michigan Citizens for an Independent Press v. Thornburgh*, 868 F.2d 1285, 1293 (D.C.Cir.1989) ("For example, if Congress banned the importation of apples, oranges, and bananas from a particular country, the canon of *expresio unius est exclusio alterius* might well indicate that Congress did not intend to ban the importation of grapefruits").

When the terms of a statute are clear, its language is conclusive and courts are not empowered to extend its meaning from unenacted legislative intent. *United States v. Morison*, 844 F.2d 1057, 1064 (CA4 1988), *citing INS v. Cardoza–Fonesca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). *See, Foxgord v. Hischemoeller*, 820 F.2d 1030, 1032 (CA9 1987), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 502 (1987).

In *DiStasio v. United States*, 22 Cl.Ct. 36 (1990), the court was asked to include as a tax attribute one that was not listed in I.R.C. § 1398(g). The court found that it could not do so due to the unambiguous nature of the statute and the power which it specifically granted to the Secretary.

Given the clearly listed, specific tax attributes found in I.R.C. § 1398 (1954), coupled with the permissive language of the congressional statute this court finds that it is not required to fashion rules or regulations to implement a statute which conveys a plain meaning without such rules and regulations. *Id.* at 52.

The Plaintiffs rely heavily upon *In re Prudential Lines, Inc.*, 928 F.2d 565 (CA2 1991), *cert. denied,* — U.S. ——, 112 S.Ct. 82, 116 L.Ed.2d 55 (1991) where the court included a subsidiary's net operating loss carryforward as property of a corporate debtor's estate. But, § 1398(g) by its definition, only applies to individual debtors who have filed Chapter 11. *Prudential* was a corporate debtor and, therefore, this case is inapplicable.

It has also been suggested that passive activity losses should be included among the tax attributes listed in § 1398(g), because they are so closely related to net operating loss carryovers (§ 1398(g)(1)) and capital loss carryovers (§ 1398(g)(5)).[1] However, passive activity losses are unique in nature and separately defined in 26 U.S.C. § 469 and cannot be compared to these tax attributes. In addition, § 1398(g)(8) grants exclusive authority to the Secretary to add to the statutory list. Given the unambiguous nature of the language of 26 U.S.C. § 1398(g) excluding passive activity losses and the presence of an ordinary principle of statutory interpretation compelling the same result, the motion of the United States for summary judgment will be granted, and the Plaintiffs' motion for summary judgment will be denied.

Counsel for the United States of America shall submit an appropriate order in accordance with the foregoing.

---

**1.** The I.R.S. notes in its memorandum at p. 4 that there is an active open regulations project being conducted with respect to passive activity losses and is targeted for completion by December 31, 1992.