**UNITED STATES of America, Plaintiff,**

v.

**Marcus BOLLING, Defendant.**

No. 95–CR–6002L.

United States District Court,
W.D. New York.

Aug. 9, 1996.

William Clauss, Federal Public Defender, Rochester, NY, for Marcus Bolling.

Christopher V. Taffe, United States Attorney Office, Rochester, NY, for U.S.

## DECISION AND ORDER

LARIMER, Chief Judge.

The defendant in this case, Marcus Bolling, was charged in a two-count indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On March 2, 1995, Bolling pleaded guilty to Count 2, the § 924(c) charge. On March 10, 1995, I sentenced Bolling to a sixty-month term of imprisonment. The cocaine charge was dismissed at sentencing in accordance with the plea agreement.

Bolling has now filed a motion, *pro se*, to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Bolling asserts several grounds for relief, none of which have merit, and only one of which merits much discussion.

## DISCUSSION

### I. Evidence that Defendant "Used or Carried" Firearm

Bolling contends that his conviction should be dismissed in light of the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which altered the definition of "using" a firearm in § 924(c)(1) as that term had been previously been construed by the Second Circuit and other circuits. Before addressing the merits of Bolling's claim in this regard, however, some recitation of the underlying facts are necessary.

During the plea colloquy, the prosecutor, in summarizing the factual basis for the plea, stated that

> [t]he evidence would show if this matter proceeded to trial that on September 9, 1993, the Rochester Police Department executed a search warrant based on two informant buys at 78 Reynolds Street. The defendant was found. Therein on his per-

son was found a .32 caliber pistol. Also on his person were found fifty-four "nickel" bags of cocaine. The government's evidence would show this cocaine was intended for distribution to others. The gun was used in furtherance of that distribution program.

Transcript at 9.

The following colloquy then occurred:

THE COURT: Mr. Bolling, any quarrel with what the prosecutor recited happened back on September the 9th, 1993?

THE DEFENDANT: No, sir.

THE COURT: Do you admit that you did have that .32 caliber pistol in your possession as well as those fifty-four nickel bags of cocaine?

THE DEFENDANT: Yes, sir.

Transcript at 9–10.

After some further discussion of other matters, I asked Bolling how he pleaded to the charge in Count 2 that he "did knowingly, willfully and unlawfully use and carry a firearm, that is a handgun, during and in relation to a drug trafficking crime ...," to which he responded, "Guilty." Transcript at 13.

Bolling now contends that these facts which he admitted are insufficient to support his conviction in light of *Bailey.* In *Bailey,* the Supreme Court held that to obtain a conviction for use of a firearm under § 924(c)(1), the Government must prove "an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." —— U.S. at ——, 116 S.Ct. at 505. "Use," the Court said, would include activities such as "brandishing, displaying, bartering, striking with, ... firing or attempting to fire, a firearm," or referring to a firearm so as to intimidate another person. *Id.* at ——, 116 S.Ct. at 508.

The *Bailey* Court, however, did not define the meaning of the word "carry" in § 924(c)(1). The Court did, though, suggest that a conviction that was not sustainable under the "using" prong of the statute could nonetheless be upheld under the "carrying" prong. Noting that the Court of Appeals for

the District of Columbia Circuit (whose decisions were on appeal in *Bailey* ) had not considered the defendants' liability under the "carry" prong of the statute, the Court remanded for consideration of that basis for upholding the convictions. *Bailey,* —— U.S. at ——, 116 S.Ct. at 509.

Thus, *Bailey* did not affect earlier case law construing the word "carry" in § 924(c)(1). Moreover, since the courts prior to *Bailey* had "generally agreed that 'carrying' [wa]s to be interpreted narrowly, while 'use' [wa]s interpreted more broadly," *United States v. Pineda–Ortuno,* 952 F.2d 98, 103 (5th Cir.), *cert. denied,* 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587 (1992), it would seem that the Supreme Court would be less inclined to narrow the generally-accepted interpretation of "carrying" than it was to narrow the definition of "using."

Regardless of whether the factual basis for Bolling's plea would be sufficient to show that he used a firearm, then, his conviction is valid if the facts show that he carried a firearm during and in relation to a drug trafficking crime. *See, e.g., United States v. Riascos–Suarez,* 73 F.3d 616, 623–24 (6th Cir.1996) (although defendant could not be convicted of using firearm under *Bailey,* trial court correctly accepted plea based on showing that defendant carried firearm), *cert. denied,* —— U.S. ——, 117 S.Ct. 136, —— L.Ed.2d —— (1996); *United States v. Turner,* No. Crim. 92–600, 1996 WL 311472 *3 (E.D.Pa. June 10, 1996) (denying § 2255 motion by defendant who pleaded guilty, since defendant was carrying firearm concealed in his coat); *Gaskins v. United States,* 925 F.Supp. 396, 399–400 (D.Md.1996) (denying § 2255 motion by defendant who admitted during plea colloquy that firearm was within arm's reach, which constitutes "carrying" for purposes of § 924(c)); *United States v. Deases,* 923 F.Supp. 170, 172–73 (D.Kan.1996) (same); *Crowder v. United States,* 920 F.Supp. 675, 677–78 (W.D.N.C.1996) (same), *appeal dismissed,* 89 F.3d 830, 1996 WL 366250 (4th Cir. June 2, 1996) (unpublished

decision), *cert. denied,* —— U.S. ——, 117 S.Ct. 216, —— L.Ed.2d —— (1996). I find that Bolling's admissions at the plea colloquy are more than adequate to sustain his plea and conviction for carrying a firearm under § 924(c), and his motion is therefore denied.

■ It is beyond dispute that Bolling was carrying the firearm. He admitted the truth of the prosecutor's assertion that a pistol was found "on his person." *See Bailey,* —— U.S. at ——, 116 S.Ct. at 507 (firearm is carried where offender keeps gun hidden in his clothing during commission of drug offense). Furthermore, his plea of guilty to the charge of "using and carrying" a firearm is itself sufficient to sustain his conviction, for "[i]t is well recognized that by pleading guilty a defendant admits the material facts alleged in the charge." *Turner,* 1996 WL 311472 at *2 (quoting *United States v. Parker,* 874 F.2d 174, 178 (3d Cir.1989)).

It is also clear that Bolling carried the firearm during and in relation to a drug trafficking offense. In addition to the pistol, he was, by his own admission, found to have fifty-four bags of cocaine on his person at the time he was searched. That clearly supports a finding that he was carrying the firearm at the same time that he committed the predicate drug offense, *i.e.,* possession with intent to distribute cocaine. The simultaneous presence of the gun and the drugs on Bolling's person is also adequate to establish that he carried the firearm in relation to the drug offense. *See United States v. Canady,* 920 F.Supp. 402, 407 (W.D.N.Y.1996) (evidence that gun and drugs were both stashed under seat cushions of loveseat where defendant was sitting supported defendant's conviction for carrying firearm during and in relation to offense of possessing cocaine with intent to distribute).

## II. Defendant's Other Claims

■ Bolling also raises several other claims in support of his motion, none of which warrants extended discussion. His allegation that his court-appointed counsel was ineffective is utterly conclusory and not at all supported by the record. His contention that he "was selectively singled-out [sic] for federal prosecution in order to secure far harsher penalties against him" than he would have received had he been prosecuted by New York State fails to state a claim; there is no reason why federal authorities should decline to prosecute a defendant under applicable federal law simply because the defendant could have been prosecuted in state court instead. Finally, Bolling's assertion that the indictment was defective because there was no evidence to support Count 1 is plainly meritless. Bolling's possession of cocaine in fifty-four separate bags—a form of packaging commonly used for distribution—fully supports the charge of possession with intent to distribute. *See Canady,* 920 F.Supp. at 405.

### CONCLUSION

Defendant's motion to vacate his conviction under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.