**In the Matter of the REQUESTED EXTRADITION OF Kevin John ARTT.**

**United States of America, Appellee,**

v.

**Kevin John Artt, Appellant.**

**In the Matter of the Requested Extradition of Pol Brennan.**

**United States of America, Appellee,**

v.

**Pol Brennan, Appellant.**

**In the Matter of the Requested Extradition of Terence Damien Kirby.**

**United States of America, Appellee,**

v.

**Terence Damien Kirby, Appellant.**

**Nos. 97–10386, 97–10387 and 97–10390.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1998.

Filed Oct. 9, 1998.

Amended Nov. 17, 1998.

Filed Aug. 18, 1999.

Before: GOODWIN, FLETCHER, and D. W. NELSON, Circuit Judges.

## ORDER

The amended opinion in this case, published at 158 F.3d 462 (9th Cir.1998), is withdrawn, and the Government's petitions for rehearing are granted.

Oral argument will be heard at 10:00 am on Tuesday, September 28, 1999, in San Francisco, California. No additional briefing is required.

(1) Does Article 3(a) of the Supplementary Treaty apply to Kirby's Cranmore Gardens conviction? If Article 3(a) does not apply to the Cranmore Gardens conviction, why should Kirby not be extradited to serve his sentence on that conviction under the treaties?

(2) Assuming "use of a bomb" would require more than possession with intent under *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), does the broader language "involving the use of a bomb" include possession with intent under *United States v. Contreras*, 895 F.2d 1241 (9th Cir. 1989)? In particular, if "involving the use of a bomb" does not include possession with intent, what conduct less than actually detonating a bomb might fall within the language of Article 1 of the Supplementary Treaty?

(3) Assuming that appellants must establish a prima facie case in order to introduce general statistical evidence under the Aquino Clause (Article 3(a), clause 1 of the Supplementary Treaty), what are the elements of a prima facie case? What evidence indicates that the appellants here have established a prima facie case?

(4) Assuming the appellants can establish a prima facie case, how does evidence of systemic bias in the Diplock court system demonstrate prejudice in a particular case? Why does a United States court examining the general validity of an entire court system for extradition purposes not raise nonjusticiable political questions?