**UNITED STATES of America, Plaintiff/Respondent,**

v.

**John Charles FLETCHER, Defendant/Movant.**

**Civil Action Nos. 92–40052–01–DES, 96–3037–DES.**

United States District Court, D. Kansas.

March 5, 1996.

Susan L. Foreman, Asst. Federal Public Defender, District of Colorado, Denver, CO, for John Charles Fletcher.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for Kedrick Vandella Fletcher.

Robert E. North, Kansas Dept. of Administration, Topeka, KS, for Patrick Deon Gabriel.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on the defendant/movant's motion for modification and/or correction of a sentence under 18 U.S.C. § 3582(c)(1) (Doc. 129).

18 U.S.C. § 3582(c)(1)(A) is not applicable in this case, as it addresses modification of sentences upon motion of the Director of Prisons. 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of

the Federal Rules of Criminal Procedure." Because there is no statute expressly permitting modification of the movant's sentence, relief is not available to the movant under the first prong of § 3582(c)(1)(B). Rule 35, "Correction or Reduction of Sentence," governs in only three situations, none of which are present in this case: the correction of sentences on remand, the reduction of sentences on motion of the government, and the correction of sentences, within seven days after the imposition of sentence, to correct arithmetical or other errors. Fed.R.Crim.P. 35.

■ While the movant has inappropriately invoked 18 U.S.C. § 3582(c)(1), courts generally construe pro se allegations liberally. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *United States v. Rourke,* 984 F.2d 1063, 1067 (10th Cir.1992), *cert. denied,* —— U.S. ——, 115 S.Ct. 419, 130 L.Ed.2d 334 (1994). We will therefore treat Mr. Fletcher's motion as a motion seeking collateral relief pursuant to 28 U.S.C. § 2255. *See United States v. Edwards,* 69 F.3d 419, 441 n. 14 (10th Cir.1995).

## I. *BACKGROUND* [1]

On November 11, 1992, a Kansas Highway Patrol trooper stopped the defendant for speeding. The defendant informed the trooper that he had rented the van which he was driving, and the trooper asked to see the rental papers. The rental documents revealed that the van had been rented to a Herman Shanks, Jr., and listed no other authorized operators.

The trooper contacted the rental agency, who in turn contacted Mr. Shanks. Mr. Shanks stated that he had no idea that the van rented in his name was in Kansas. The Highway Patrol then impounded the van at the rental agency's request. While conducting a routine inventory of the van, "a package containing what was later determined to be 1,140 grams of cocaine and a loaded .380 caliber handgun were found in the back seat of the van."

On November 17, 1992, a grand jury returned a three-count indictment charging the defendant with: (1) conspiring to possess with the intent to distribute cocaine, 21 U.S.C. § 846; (2) possessing with the intent to distribute or dispense cocaine, 21 U.S.C. § 841(a)(1); and (3) using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). The defendant pled guilty to counts one and three on May 24, 1993. On September 7, 1993, the court dismissed count two, and sentenced Mr. Fletcher to sixty months on the drug trafficking count, and to a consecutive five-year term of incarceration on the firearm conviction.

## II. *DISCUSSION*

On December 6, 1995, the United States Supreme Court issued its decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in which it clarified the meaning of use of a firearm under 18 U.S.C. § 924(c)(1). Prior to *Bailey,* the Tenth Circuit had held that to establish use of a gun in relation to a drug trafficking crime, the government must show (1) that the defendant had "ready access" to the firearm, and (2) that the firearm was an "integral part" of the criminal undertaking and increased the likelihood that the undertaking would succeed. *United States v. McKinnell,* 888 F.2d 669, 675 (10th Cir.1989).

■ The standard enunciated in *Bailey* narrows the definition of "use" of a firearm. Under *Bailey,* the government must prove "an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey,* —— U.S. at ——, 116 S.Ct. at 505. "Use" connotes "more than mere possession of a firearm by a person who commits a drug offense." *Id.* at ——, 116 S.Ct. at 506. If the offender does not disclose or mention the gun, it is not used; placement for later active use does not in and of itself constitute "use." *Id.* at ——, 116 S.Ct. at 509–10. Active employment includes "reference to a firearm calculated to bring

---

**1.** The following factual findings were set forth in the United States Probation Office's Presentence Investigation Report, and were adopted by the court at the defendant's sentencing on September 7, 1993.

about a change in the circumstances of the predicate offense," as well as brandishing or displaying a gun. *Id.* at ——, 116 S.Ct. at 508. A defendant cannot be charged, however, for merely storing a weapon near drugs or drug proceeds. *Id.*

*Bailey* involved the consolidated petitions of two defendants, Roland Bailey and Candisha Robinson, both of whom were convicted under 18 U.S.C. § 924(c)(1). *Id.* at ——, 116 S.Ct. at 503. Police officers stopped Roland Bailey when they noticed that his car lacked a front license plate. *Id.* When Bailey was unable to produce a driver's license, the officers ordered him out of the car. *Id.* The officers noticed Bailey push something between the seat and front console; a subsequent search of the passenger compartment of the car revealed one round of ammunition and thirty grams of cocaine. *Id.* After arresting Bailey, the officers searched the trunk of the car, and found cash and a bag containing a loaded pistol. *Id.* at —— – ——, 116 S.Ct. at 503–04.

Candisha Robinson's conviction stemmed from a search of her apartment. *Id.* at ——, 116 S.Ct. at 504. Undercover officers had made controlled buys from Robinson, and observed that she retrieved drugs from her bedroom. *Id.* Upon execution of a search warrant, police discovered, inside a locked trunk in Robinson's bedroom closet, an unloaded, holstered gun, 10.88 grams of crack cocaine, and a marked $20 bill from the first controlled buy. *Id.*

The Supreme Court concluded that the evidence was insufficent to support either Bailey's or Robinson's conviction for using a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1). *Id.* at ——, 116 S.Ct. at 509. *See also United States v. Wacker,* 72 F.3d 1453, 1463 (10th Cir.1995) (no "active employment" under *Bailey* where firearm was found in bag in rear camper shell of truck defendant was driving). The defendant argues that the evidence in the instant case is likewise insufficient to sustain a § 924(c)(1) conviction. Mr. Fletcher points to the testimony of Trooper Heim at the defendant's motions hearing. Trooper Heim indicated that he found cocaine and a gun "in a cavity behind the rear-

most seat" of the van which the defendant was driving. The defendant contends that on such facts, there was no "use" of a firearm under *Bailey.*

■ The government responds that by pleading guilty, Mr. Fletcher has waived the right to challenge the factual basis of his plea. It cites *United States v. Broce,* 488 U.S. 563, 565, 109 S.Ct. 757, 760, 102 L.Ed.2d 927 (1989), in which the Supreme Court held that the defendant was precluded from collaterally attacking a voluntary and intelligent guilty plea.

We first note that those courts which have addressed *Bailey* in the context of a prisoner's § 2255 motion applied the *Bailey* analysis to the petitioner's conviction, notwithstanding the fact that the petitioner had pled guilty to a violation of 18 U.S.C. § 924(c)(1). *See United States v. Mayon,* No. CIV. A. 92–46, 1996 WL 75589 (E.D.La. Feb. 16, 1996); *United States v. Flores,* No. CRIM. A. 89–220, 1996 WL 32505 (E.D.La. Jan. 26, 1996); *Abreu v. United States,* 911 F.Supp. 203 (D.Va.1996); *see also United States v. Abdul,* 75 F.3d 327 (7th Cir.1996) (where no factual basis existed to support defendant's guilty plea under *Bailey,* case remanded to district court to vacate conviction and sentence); *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir.1996) (applying *Bailey* to defendant's claim that there was no factual basis for his guilty plea); *United States v. McMillan,* 914 F.Supp. 1387 (E.D.La.1996) (applying *Bailey* to permit defendant to withdraw guilty plea); *United States v. Dorsett,* No. CRIM. A. 95–203, 1996 WL 56450 (E.D.La. Feb. 9, 1996) (applying *Bailey* to defendant's rule to show cause why defendant's sentence should not be vacated where defendant pled guilty to a violation of § 924(c)(1)). Furthermore, *Broce* is distinguishable from the instant case, in that *Broce* did not involve a change in law which occurred after the defendant's conviction. The Supreme Court noted in *Broce* that an exception to the rule barring collateral attack on a guilty plea applies where the defendant had " 'the right not to be haled into court at all upon the felony charge.' " *Id.* at 574–75, 109 S.Ct. at 765 (quoting *Blackledge v. Perry,* 417 U.S.

21, 30, 94 S.Ct. 2098, 2104, 40 L.Ed.2d 628 (1974)).

The United States Court of Appeals for the Tenth Circuit followed *Blackledge* in *United States v. Barboa*, 777 F.2d 1420 (10th Cir.1985). Barboa pled guilty to conspiracy to damage and destroy by explosives a building used in an activity affecting interstate commerce in violation of 18 U.S.C. § 371. *Id.* at 1421. Following sentencing, the defendant moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his sole co-conspirator was a government informant. *Id.* at 1422. The district court denied the motion, and the defendant appealed. *Id.*

On appeal, the Tenth Circuit held that there could be no indictable conspiracy involving only the defendant and a government informer. *Id.* The appellate court reversed and remanded the case for the district court to determine whether Barboa's alleged co-conspirator was in fact a government agent. *Id.* at 1423. If the district court so found, it must vacate the defendant's conspiracy conviction and sentence. *Id.*

The Tenth Circuit rejected the government's argument that Barboa's guilty plea served as an admission that he committed the crime of conspiracy. *Id.* at 1423 n. 3. The court stated that a plea of guilty does not bar a claim that the defendant may not constitutionally be convicted, " 'no matter how validly his factual guilt is established.' " *Id.* (quoting *Menna v. New York*, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975)). The court held that if Barboa pled guilty to something which was not a crime, he was not precluded from later raising that jurisdictional defect in his § 2255 motion. *Id.; see also United States v. Green*, 797 F.2d 855, 856 (10th Cir.1986) (where indictment failed to state an offense, prisoner could challenge indictment notwithstanding his guilty plea).

The facts in the instant case are analogous to those in *Barboa*. Because the defendant argues that the factual basis for his guilty plea does not constitute a crime under *Bailey*, we hold that the defendant can attack the validity of his sentence under 28 U.S.C. § 2255. We now turn to the next prerequisite to the defendant's ability to obtain relief under *Bailey*, i.e., a determination of whether *Bailey* has retroactive application.

Those courts which have addressed the issue have concluded that *Bailey* applies retroactively. *See Sanabria v. United States*, No. CIV. 95–1579(JAF), 1996 WL 78181 (D.P.R. Feb. 15, 1996); *United States v. Turner*, 914 F.Supp. 48 (W.D.N.Y.1996); *Abreu v. United States*, 911 F.Supp. 203 (D.Va. 1996). In so holding, the courts relied on *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). The Supreme Court held in *Davis* that in deciding whether a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction, "the appropriate inquiry [is] whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[it] ... present[s] exceptional circumstances where the need for [collateral relief] is apparent.' " *Id.* at 346, 94 S.Ct. at 2305 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). The Court determined that where the defendant's conviction was "for an act that the law does not make criminal," relief is justified under § 2255. *Id.* at 346, 94 S.Ct. at 2305.

The Tenth Circuit applied *Davis* in *United States v. Dashney*, 52 F.3d 298 (10th Cir. 1995). Dashney was convicted in 1990 of violating 31 U.S.C. §§ 5322(a) and 5324(3) by structuring cash transactions in order to evade currency reporting requirements. *Id.* at 298. In 1994, the Supreme Court held that a conviction under §§ 5322(a) and 5324(3) requires that the defendant know that the structuring in which he engaged was unlawful. *Ratzlaf v. United States*, —— U.S. ——, ——, 114 S.Ct. 655, 663, 126 L.Ed.2d 615 (1994). Dashney then filed a petition in district court to vacate his sentence under 28 U.S.C. § 2255, which the court denied. The district court relied on *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which had held that the Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), did not apply retroactively. *Teague*, 489 U.S. at 296, 109 S.Ct. at 1067–68.

On appeal, the Tenth Circuit reversed the district court's order dismissing Dashney's petition. *Dashney*, 52 F.3d at 299. The appellate court distinguished *Teague*, which applied to a new rule of criminal procedure, from the situation presented in *Dashney*. *Id. Ratzlaf*, the decision which Dashney sought to apply retroactively, did not announce a new rule of criminal procedure, but rather a substantive change in the law. *Id.* Consequently, *Davis v. United States* required that *Ratzlaf* apply retroactively. *Id.*

■ Like *Ratzlaf*, *Bailey* represents a new, nonconstitutional rule of substantive law which may produce a different result under the facts of this case than that which was dictated by prior law. *See Sanabria*, 1996 WL 78181, at *8. *Bailey* therefore applies retroactively to the defendant's conviction under 18 U.S.C. § 924(c)(1).

Having concluded that the defendant may attack the factual basis of his guilty plea under *Bailey*, the court must now determine whether the facts support the defendant's conviction for use of a firearm during and in relation to a drug trafficking crime. In its response to Mr. Fletcher's motion, the government refers the court to the hearing on the defendant's change of plea. In response to the court's request that the government outline the evidence which would prove the defendant guilty, the government stated that when the highway patrol trooper pulled the defendant over, the defendant and his passengers had "joint possession of [140 grams of cocaine], and at the same time they had possession of a working Model L–380 semiautomatic pistol ... that was being used during and in relation to the drug trafficking crime...." The court asked the defendant if he believed that the government had such evidence, and that the evidence would prove him guilty. The defendant replied that he did.

■ The mere fact that the defendant had possession of a firearm at the time of his arrest is now insufficient to sustain a § 924(c)(1) conviction. *United States v. Wilson*, 913 F.Supp. 1450 (D.Kan.1996) (citing *Bailey*, —— U.S. at ——, 116 S.Ct. at 506). We therefore direct the government to provide the court with any additional legal

and/or factual support it may have for its contention that under *Bailey* the defendant actually "used" a gun during and in relation to a drug trafficking crime. *See* 28 U.S.C. § 2255, Rule 7 (providing for expansion of record in § 2255 proceedings).

**IT IS THEREFORE BY THE COURT ORDERED** that the government expand the record on the issue set forth above. The government shall supplement the record as directed within ten (10) days of the date of this Order and show cause why the defendant's motion for modification and/or correction of a sentence (Doc. 129) should not be granted.