**UNITED STATES of America**

v.

**Robbie Dale BAZEMORE,
Defendant–Movant.**

**Nos. 7:91–cr–7 (WDO), 7:95–
cv–148 (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

March 12, 1996.

---

4. Also pending is defendants' motion for oral argument [16]. Oral argument was held on December 18, 1995 and the motion is DENIED AS MOOT.

### ORDER

OWENS, District Judge.

Having pled guilty to Counts 1 and 3, and with the benefit of a 5K motion filed by the government been sentenced to only ten months in the Bureau of Prisons on Count 1 and to a consecutive mandatory minimum sixty months on Count 3, defendant-movant now contends there was no factual basis for the court to accept his plea of guilty to Count 3, which alleged a violation of 18 U.S.C. § 924(c)(1). That statute makes it a crime against the United States to use or carry a firearm during and in relation to any drug trafficking crime. Defendant-movant relies upon *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

As ordered by the court, the United States has filed a response to defendant's § 2255 motion and that response has been carefully considered.

As a transcript of the hearing on defendant's offer to plead guilty shows, to wit:

DEFENDANT BAZEMORE DULY SWORN IN BY THE CLERK

THE COURT: Mr. District Attorney, why don't you just succinctly state the evidence that would support a plea and Mr. Bazemore, listen carefully and tell me whether or not what he says is the truth of the matter.

MR. SOLIS: Your Honor, Mr. Bazemore was contacted by the co-defendant, Lewis Spivey, to see whether Mr. Bazemore could assist him in purchasing approximately fifty pounds of marijuana. Mr. Bazemore then contacted a William Edward Abercrombie, who, in fact, acquired $40,000 to purchase the fifty pounds of marijuana. Mr. Bazemore and Mr. Abercrombie and Mr. Spivey then traveled to the Valdosta Mall where they met with an undercover FBI agent by the name of David Hartsfield. This particular transaction was tape recorded, as well as video recorded, your Honor. Mr. Bazemore was there. Mr. Spivey had negotiated the deal, showed the money to the law enforcement officer. Mr. Bazemore came to inspect the marijuana. He exited his vehicle, went up to the undercover vehicle and received possession of the fifty pounds of marijuana and was taking it back to his vehicle at the time he was arrested.

The Government would also contend, Your Honor, that he aided and abetted Mr. Abercrombie in the possession of a firearm during the drug trafficking offense. Mr. Abercrombie was traveling in Mr. Bazemore's van and they traveled from Pearson to the Valdosta Mall. Mr. Abercrombie had a nine millimeter weapons, which was the subject of yesterday's motion, in his waistband. Mr. Bazemore was aware of that weapon being in the van and Mr. Abercrombie was in the van watching as the transaction took place.

THE COURT: Is all of that the truth?

DEFENDANT BAZEMORE: Yes, sir.

Defendant Bazemore's plea was not premised upon defendant Bazemore or his co-conspirator using a firearm. It was premised upon defendant having aided and abetted Mr. Abercrombie in carrying a firearm on his

person during and in relation to the subject drug trafficking offense.

Mr. Bazemore's plea was factually supported by the evidence as recited to the court and as testified to by Mr. Bazemore. It is in all respect, in the court's considered judgment, valid. Accordingly, there is no basis for the court to grant Mr. Bazemore's § 2255 motion; it is, therefore, summarily **DENIED** and **DISMISSED.**

**SO ORDERED.**