**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Eustaquio DEASES, Defendant/Movant.**

**Nos. 89–40039–01–DES, 96–3089–DES.**

United States District Court, D. Kansas.

April 2, 1996.

Eustaquio Deases, Seagoville, TX, Pro Se.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for U.S.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on Eustaquio Deases' ("Deases") motion—filed pursuant to 28 U.S.C. § 2255—to set aside and vacate his convictions (Doc. 42) for possession of cocaine with intent to distribute and using or carrying a firearm in relationship to drug trafficking.

In his motion, Deases alleges that this court did not have jurisdiction over his indictment, that he suffered ineffective assistance of counsel, that his guilty pleas were involuntary and that his conviction for using or carrying a firearm during drug trafficking should be vacated in light of the United

States Supreme Court's ruling in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Court clarified the meaning of "use" of a firearm under 18 U.S.C. § 924(c)(1).

In his reply to the Government's response to his motion, Deases moves for summary judgment (Doc. 45). A motion for summary judgment pertains to claims, counterclaims, cross-claims or a motion for declaratory judgment. *See* Fed.R.Civ.P. 56(a). Hence, Deases' motion for summary judgment is inapplicable to his motion to vacate his sentence under 28 U.S.C. § 2255 and will not be considered by this court.

## I. BACKGROUND

On July 24, 1989, Deases was stopped for speeding by a Kansas Highway Patrol trooper on I–35 in Franklin County. While writing a warning to Deases the trooper noticed that Deases was becoming increasingly nervous. After issuing the warning and returning Deases his driver's license, the trooper asked to search Deases' car and Deases consented. Upon searching the trunk of the vehicle, the trooper found a loaded .20 gauge shotgun and a black travel bag containing approximately one kilogram of cocaine.

Deases was indicted shortly thereafter and pleaded guilty to two counts on October 25, 1989. The first count was for possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1). The second count was for using or carrying a firearm in relationship to a drug trafficking crime under 18 U.S.C. § 924(c)(1).

## II. DISCUSSION

### A. Bailey Applies Retroactively to Plea Agreements

In *United States v. Fletcher*, 919 F.Supp. 384 (D.Kan.1996) this court ruled that *Bailey* applies retroactively to convictions resulting from guilty pleas. The rationale behind the ruling is that a person who pleads guilty to activity not constituting a crime should not be precluded from collaterally attacking the validity of the sentence for that activity (under 28 U.S.C. § 2255).

In the instant case, Deases alleges that his conviction for using or carrying a firearm should not stand in light of the *Bailey* decision. Deases contends that the shotgun found in his car trunk does not constitute a crime under 18 U.S.C. 924(c)(1). Accordingly, this court accepts Deases' argument that he is entitled to challenge his sentence under § 2255.

### B. Bailey Applies to "Use," But Not to "Carry."

In *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the United States Supreme Court narrowed the definition of "use" of a firearm in drug trafficking cases. Under *Bailey*, the government must prove "an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.* at ——, 116 S.Ct. at 505. "Use" connotes "more than mere possession of a firearm by a person who commits a drug offense." *Id.* at ——, 116 S.Ct. at 506. If the offender does not disclose or mention the gun, it is not used; placement for later active use does not in and of itself constitute "use." *Id.* at ——, 116 S.Ct. at 509–10. Active employment includes "reference to a firearm calculated to bring about a change in the circumstances of the predicate offense," as well as brandishing or displaying a gun. *Id.* at ——, 116 S.Ct. at 508. A defendant should not be charged, however, for merely storing a weapon near drugs or drug proceeds. *Id.*

It is clear from the facts that Deases' possession of the shotgun in his trunk does not constitute "use" in light of *Bailey*. It was merely stored in proximity to the drugs; there was no active employment of the gun.

However, in interpreting 18 U.S.C. 924(c)(1), the Supreme Court found "there is no evidence to indicate that Congress intended to expand the meaning of 'use' so far as to swallow up any significance for 'carry.'" *Bailey*, —— U.S. at ——, 116 S.Ct. at 507. In *Bailey* the Court made it clear that under the statute, "the 'carry prong' ... brings some offenders who would not satisfy the 'use' prong within reach of the statute." *Id.* at ——, 116 S.Ct. at 509. Accordingly, this

court now turns its attention to whether Deases "carried" the gun.

## C. Deases "Carried" a Firearm

Deases was convicted under 18 U.S.C. § 924(c)(1) for having "used or carried" a firearm while trafficking cocaine. In several cases prior to *Bailey*, the Tenth Circuit focused on the "carry" prong of the statute and formulated an approach to interpreting it.

In *United States v. Cardenas*, 864 F.2d 1528 (10th Cir.), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989), the Tenth Circuit rejected the contention that carrying was narrowly restricted to weapons carried on the person or in a pocket. "[W]hen a motor vehicle is used, 'carrying a weapon' takes on a less restrictive meaning than carrying on the person. The means of carrying is the vehicle, itself, rather than the defendant's hands or pocket...." *Id.* at 1535–1536.

Specifically, the court in *Cardenas* held that carrying involved two elements: possession of the weapon through the exercise of dominion or control; and transportation or movement of the weapon. *Id.* at 1535–36. (*See also U.S. v. Martinez*, 912 F.2d 419 (10th Cir.1990) (wherein the court reaffirms the elements set forth in *Cardenas* to prove carrying)). "The Government must also link the use or carrying of the firearm to the drug trafficking. This requirement is met with proof that the defendant intended the weapon to be available for use during the drug transaction." *United States v. Jones*, 49 F.3d 628, 632 (10th Cir.1995).

In the instant case, the facts plainly demonstrate that Deases was transporting or moving the shotgun in the trunk of the car—alongside the cocaine—when he was stopped by a trooper for speeding. Hence, there was transportation or movement.

In *Jones*, the defendant was found with both drugs and a handgun in the trunk of his car. The court found that "the handgun was within easy reach upon entry into the trunk and was found within one foot of the drugs. This could allow the jury to find that it [the handgun] was intended for use in protecting the drugs." *Id.* at 632.

Similarly, Deases had his loaded shotgun stored in the same area as the drugs he was carrying, i.e., the trunk of the car. Following the precedent set in *Jones*, "this could allow the jury to find that it [the shotgun] was intended for use in protecting drugs."

The only issue remaining is whether Deases had possession of the weapon through the exercise of dominion or control. In *Cardenas*, the court held that "possession" was a requisite element of "carrying" in the context of 18 U.S.C. 924(c). *Cardenas*, 864 F.2d at 1535.

The court further found that "constructive possession" is sufficient to find that a person had possession of a firearm. *Id.* at 1533. "A person in constructive possession of an item *knowingly* holds the power to exercise dominion and control over it." *Cardenas*, 864 F.2d at 1533. The court held that Cardenas knew the gun was in the truck he was driving and that when the gun was discovered, "it was within effortless reach of his hands, more accessible than if it were in his own pocket." *Id.*

In addition, the court held that "there must be an *act* by which that ability [to exercise dominion or control] is manifested or implemented." *Id.* The court found that "the placement of the gun within inches of Cardenas' hands, together with the act of concealment of the gun behind the potato chip bag, satisfy the requisite act manifesting Cardenas' power to exercise dominion and control."

Most of the cases in this circuit dealing with guns carried in cars are distinguishable from the instant case because the guns were located somewhere inside the passenger compartment of the car within immediate reach of the defendant, thus making dominion and control easier to prove. *See U.S. v. Nicholson*, 983 F.2d 983 (10th Cir.1993) (.357 revolver found under driver's seat); *U.S. v. Cox*, 934 F.2d 1114 (10th Cir.1991) (three guns found in a black bag on the front passenger seat floorboard); *U.S. v. McDonald*, 933 F.2d 1519 (10th Cir.1991) (loaded .357 Ruger pistol found under driver's seat).

In *Jones*, a "handgun was within easy reach upon entry into the trunk and was

found within one foot of the drugs." *U.S. v. Jones,* 49 F.3d at 632. While the court failed to address the element of possession and whether the defendant exercised dominion and control, the court held that Jones had "carried" the weapon in accordance with 18 U.S.C. § 924(c)(1).

In *U.S. v. Ross,* 920 F.2d 1530 (10th Cir. 1990), a gun was found in the trunk of the defendant's car which he used as a base of operations for drug distribution. "He kept drugs in his car and sold them from his car." *Id.* at 1536. The police also found drug paraphernalia in the trunk of the car with the gun. *Id.* When Ross retrieved drugs the gun was within his immediate reach and could be used for either enforcement or protection. Thus, dominion and control were easier to prove.

Reason dictates that Deases "constructively possessed" the shotgun which was found in the trunk of the car where the drugs also were discovered. Deases admitted that he owned the gun, demonstrating *knowledge* that he had dominion and control over the gun. The gun was loaded when found in the trunk, demonstrating its readiness for use in protecting the drugs. Every time Deases opened the trunk the gun was available, within easy grasp if necessary, demonstrating the requisite dominion and control over it. Finally, Deases associated the gun with the drugs by placing it within proximity thereof, demonstrating the requisite act by which the ability to exercise dominion or control is manifested or implemented. Whether the gun was already in the trunk when Deases placed the drugs there, or vice versa, or whether the drugs and gun were placed in the trunk concurrently, is not important. The fact remains that Deases positioned the gun and drugs together so as to facilitate access to one or the other while effectuating the illegal narcotics transaction.

### D. Jurisdiction and Ineffective Assistance of Counsel

■ Deases' argument that Congress does not have authority to enact the legislation under which he was convicted—thereby negativing this court's jurisdiction over his case—is wholly without merit.

Congress's authority to enact criminal laws proscribing drug trafficking and the use or carrying of firearms while peddling drugs emanates from the Commerce Clause of the U.S. Constitution. *See* U.S. Const., Art. 1, § 8, cl. 3. "The authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained, and is no longer open to question." *U.S. v. Lopez,* —— U.S. ——, ——, 115 S.Ct. 1624, 1629, 131 L.Ed.2d 626 (1995).

Deases was using Interstate 35—a major artery of interstate commerce—to transport a large quantity of cocaine. The injurious consequences of transporting narcotics accompanied by a loaded weapon speaks for itself. Deases' lack of jurisdiction argument is rejected.

■ As for Deases' allegation of ineffective assistance of counsel, he has not set forth one fact demonstrating how he might have been prejudiced through his counsel's actions or inaction. Therefore, this court need not consider the matter any further.

**IT IS THEREFORE BY THE COURT ORDERED** that Deases' motion to have his convictions vacated and set aside (Doc. 42) is denied on all counts.

**IT IS FURTHER ORDERED** that Deases' motion for summary judgment (Doc. 45) is inapplicable and denied as such.