83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sean L. PARKER, Defendant-Appellant.
 No. 94-3380.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1996.
 
 Before EBEL, McKAY, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 MONROE G. McKAY
 
 2
 The parties have agreed that this case may be submitted on the briefs. After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Sean L. Parker pled guilty to conspiracy to possess with intent to distribute 103.7 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and to use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court imposed a sentence of sixty months for the drug trafficking conspiracy count and a consecutive sentence of sixty months for the firearm count. This is a direct appeal of Mr. Parker's guilty plea and sentence.
 
 
 4
 Appellant's counsel filed an Anders[1] brief noting the Appellant wished to challenge the sufficiency of the downward departure for assistance to the prosecutor. The brief correctly noted that we have no jurisdiction to review that issue. See United States v. Bromberg, 933 F.2d 895, 896 (10th Cir.1991).
 
 
 5
 In a letter to the court in response to the Anders brief, Mr. Parker argued that he should have been sentenced for only the 43 grams of crack on his person, rather than the total 103.7 grams of crack seized from Mr. Parker and his co-conspirator. Mr. Parker pled guilty to conspiracy to possess with intent to distribute crack cocaine. When calculating the quantity of drugs involved in a conspiracy, "the total quantity involved shall be aggregated to determine the scale of the offense." U.S.S.G. § 2D1.1, application note 12; see United States v. Edwards, 69 F.3d 419, 438 (10th Cir.1995) (stating that the sentence is "based on the total amount of drugs involved as if the object of the conspiracy had been completed, provided that the drug quantities were reasonably foreseeable to the defendant and within the scope of his conspiratorial agreement"). Thus, this issue is without merit.
 
 
 6
 Appellant also raised in the letter, at least impliedly, the question of whether the weapons charge to which he pled guilty was supported by the record in light of Bailey v. United States, 116 S.Ct. 501 (1995). That allegation appears to be well-founded. We dismiss the appeal as to the issue of downward departure. We reverse the conviction and sentence for use of a firearm during drug trafficking, 18 U.S.C. § 924(c)(1), and remand to the trial court to determine whether the facts support the plea of guilty on the firearm count in light of Bailey. If they do not, the court shall enter an order expunging the count and deleting from the sentence the sixty months given for that count. The sixty-month sentence for conspiracy to possess with intent to distribute drugs is affirmed.
 
 
 7
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 FN1
 Anders v. California, 386 U.S. 738 (1967)