**Mikuel Tyrone GASKINS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Criminal No. H–90–0283.
Civil No. H–95–3930.

United States District Court,
D. Maryland.

April 30, 1996.

Aron U. Raskas, Baltimore, Maryland, for petitioner.

John V. Geise, Assistant United States Attorney, Baltimore, Maryland, for respondent.

*MEMORANDUM OPINION*

ALEXANDER HARVEY, II, Senior District Judge.

Presently confined in the Federal Correctional Institution in Morgantown, West Virginia, petitioner, Mikuel T. Gaskins, has filed a motion in this Court under 28 U.S.C. § 2255, seeking to vacate the sentence previously imposed by the Court. On November 30, 1990, petitioner appeared with court-appointed counsel and pled guilty in this Court to Count One of an Indictment which charged him with a conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and also to Count Three of the Indictment which charged him with using and carrying a firearm during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c). On April 24, 1991, petitioner was sentenced to 36 months imprisonment on the narcotics count and to a consecutive term of five years imprisonment on the firearm count. Pursuant to the plea agreement, Count Two of the Indictment charging possession of cocaine with intent to distribute and Count Four of the Indictment

charging possession of a firearm by a convicted felon were dismissed.

In the motion which he has now filed under § 2255, petitioner contends that he did not actively "use" a weapon as defined by the Supreme Court in *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and that his conviction on the firearms offense under § 924(c)(1) should therefore be set aside. Pursuant to an Order of Court, the United States Attorney has filed a response to petitioner's motion, together with an exhibit.[1] The pending § 2255 motion was prepared by petitioner in a *pro se* capacity, and petitioner has also prepared and filed a *pro se* reply to the government's response to his motion. At the request of the Court, petitioner's court-appointed counsel has agreed to represent petitioner in this proceeding and has submitted a supplemental memorandum in reply to the government's response to petitioner's § 2255 motion.

■ Following its review of the record here, this Court has concluded that petitioner's § 2255 motion must be denied. Inasmuch as no substantial question has been raised by petitioner's claim, there is no need for a hearing. *Raines v. United States,* 423 F.2d 526, 529–31 (4th Cir.1970). The record in this case includes the pleadings, memoranda and exhibits recently filed by petitioner, by his attorney and by respondent as well as all of the papers on file in Criminal No. H–90–0283. These files and records conclusively show that petitioner is not entitled to the relief which he is seeking here. Accordingly, petitioner's § 2255 motion will be denied.

In *Bailey,* the Supreme Court addressed the question whether evidence of the proximity and accessibility of a firearm to drugs or drug proceeds is alone sufficient to support a conviction for "use" of a firearm during and in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1). *Bailey,* — U.S. at ——, 116 S.Ct. at 503. *Bailey* involved separate challenges in two different cases to convictions of defendants under § 924(c)(1). In one case, the weapon at issue was located in

1. A transcript of the rearraignment proceedings held on November 30, 1990 has been prepared and is a part of the record in this case.

a bag in the locked trunk of the defendant's car and in the other case the weapon was in a locked trunk which itself was inside the defendant's bedroom closet. In *Bailey,* the Supreme Court held that, to support a conviction for use of a firearm under § 924(c)(1), there must be evidence sufficient to show "an active employment" of the firearm by the defendant, namely a use which makes the firearm an operative factor in relation to the predicate offense. *Id.,* — U.S. at —, 116 S.Ct. at 505.

In holding in *Bailey* that the prosecution must show that the defendant actively employed the firearm during and in relation to the predicate crime, the Supreme Court defined such active use as including "brandishing, displaying, bartering, striking with, firing, or attempting to fire, a firearm." *Id.,* — U.S. at —, 116 S.Ct. at 507. In the opinion, however, the Court distinguished "use" of a firearm from "carrying" a firearm within the meaning of § 924(c)(1). The Court emphasized that a firearm can be carried without being used and gave as an example an incident when an offender keeps a gun hidden in his clothing throughout a drug transaction. *Id.,* at —, 116 S.Ct. at 507. Accordingly, the Court remanded both of defendants' cases to the Court of Appeals for consideration of whether liability could be imposed on the defendants under the "carry" prong of § 924(c)(1). *Id.,* — U.S. at —, 116 S.Ct. at 509.

Petitioner here contends that he pled guilty only to the "use" of a firearm and that the evidence in his case was not sufficient to show an "active employment" by him of the firearms located in his vehicle. Accordingly, petitioner asserts that his conviction under § 924(c)(1) must be set aside. In responding to petitioner's § 2255 motion, the government concedes that under *Bailey* the evidence adduced in this case was insufficient to sustain a conviction of petitioner for the unlawful "use" of a firearm in violation of § 924(c)(1).[2] However, the government contends that the stipulated facts are sufficient to sustain petitioner's conviction for "carry-

ing" a firearm in violation of the statute. This Court would agree.

The plea agreement in this case is contained in a letter from the prosecutors to petitioner's attorney dated November 29, 1990. In seeking relief under § 2255, petitioner places primary reliance on one portion of Paragraph 1(a) of the agreement, which provides as follows:

1. (a) Mr. Gaskins, your client, agrees to plead guilty to Counts One and Three of the four count indictment charging him with conspiracy to distribute cocaine and unlawful use of a firearm, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c). Your client admits that he is in fact guilty of those offenses and will so advise the Court.

According to petitioner, he agreed to plead guilty only to the "unlawful use of a firearm." The facts here indicate that incident to petitioner's arrest on October 11, 1989, the police recovered two firearms from the vehicle in which he was seated at the time of his arrest. A .380 Walther pistol was recovered from the front passenger floorboard where petitioner's wife Barbara had been seated. This gun was in an open plastic case and according to the police was fully loaded with the clip and had one round in the chamber. From the trunk of the vehicle, the police recovered a 9 mm Beretta semiautomatic handgun in a plastic case.

As noted, the government has conceded that under *Bailey* the facts here were insufficient to sustain petitioner's conviction for the unlawful "use" of either one of these firearms. The question presented then is whether petitioner pled guilty both to using a firearm and to carrying a firearm during and in relation to a drug trafficking crime and whether he understood this to be his plea. Count Three of the Indictment charged that petitioner and each of the co-defendants "did unlawfully, knowingly and intentionally *use and carry* a firearm, to wit, a .380 Walther pistol, Serial No. S055215 and a 9 mm Beretta semiautomatic handgun, Serial No. D563322, during and in relation to drug traf-

**2.** It has been held that *Bailey* may be retroactively applied to a conviction which became final before the date of the decision. *Abreu v. United States,* 911 F.Supp. 203 (E.D.Va.1996).

ficking crimes for which they may be prosecuted in a Court of the United States, to wit, conspiracy to distribute cocaine, and attempt to possess with intent to distribute cocaine, as set forth in Counts One and Two, in violation of Title 21, U.S.C., Section 846." (Emphasis added)

In Paragraph 1(a) of the plea agreement, petitioner agreed to plead guilty to Count Three of the Indictment. That Count charged petitioner with both using and carrying a firearm. Whatever ambiguity might have resulted from the incomplete reference to the charge contained in other language in Paragraph 1(a) was corrected during the rearraignment proceedings which were held in open court on November 30, 1990. After having been sworn, petitioner was questioned by the Court. He stated that he wished to plead guilty to both Count One and Count Three (Tr. 14) and that he had discussed these Counts with his attorney who had explained the nature of the charge in each Count. (Tr. 15). The Court read portions of Count Three to petitioner, indicating to petitioner that Count Three provides that "you and the others unlawfully, knowingly and intentionally *used and carried* a firearm and furthermore that this was during and in relation to drug trafficking crimes . . . ." (Tr. 15–16). (Emphasis added). Petitioner stated that he understood the charges to be as indicated by the Court and that he was satisfied that he was in fact guilty of the crime charged in Count Three. (Tr. 16).

At the rearraignment proceedings, the prosecutor read the Statement of Facts which were contained in the plea agreement and which had been stipulated by the parties. *Inter alia,* this Statement included the following:

> Incident to the arrest of the Gaskins, police recovered two firearms from inside the Bonneville. A .380 Walther PPK was recovered from the front passenger floorboard where Barbara Gaskins had been seated. The gun was in an open plastic case and was fully loaded with a clip. According to Montgomery County Police, this firearm also had one round in the chamber. From the trunk of the Bonneville, police recovered a 9 mm Beretta semiautomatic handgun in a plastic case. This weapon was also in a loaded condition. *The .380 Walther PPK was present in the passenger compartment of the Bonneville throughout the narcotics transaction and was within arms' reach of both Mikuel and Barbara Gaskins the entire time. Both firearms were possessed by Barbara and Mikuel Gaskins and were fully capable of firing a projectile by the means of an explosive.* (Emphasis added).

Petitioner was asked by the Court whether he understood the facts to be as stated by the government and whether he admitted that that is what actually happened and that that was why he was pleading guilty. (Tr. 20). That petitioner fully comprehended these facts is indicated by the one exception he took to the Statement of Facts. He agreed that there was a clip in the Walther firearm found in the car but disputed the police officer's statement that there was a bullet in the chamber. *Id.* The Court accordingly eliminated that fact from the Statement, and petitioner then agreed that, based on the facts as stated, he was pleading guilty to both of the counts in question. (Tr. 20–21). Subsequently, in discussing the plea agreement with petitioner, the Court stated its understanding that he had agreed to plead guilty to both Count One and Count Three and noted that "we have discussed what those counts are." (Tr. 22). Once again, petitioner agreed and stated his understanding of the agreement to be that which the Court had stated. (Tr. 28).

In view of these proceedings, this Court concludes that petitioner was well aware that he was pleading guilty to both using and carrying a firearm during and in relation to a drug trafficking crime. His responses to the Court's questions at the rearraignment proceedings disclose a clear understanding on petitioner's part as to the nature of the charges which had been brought against him. It is apparent from the record here that petitioner knew that he was pleading guilty both to the using of a firearm and to the carrying of a firearm, as charged.

■ Counsel for petitioner argue that in any event the facts agreed upon do not support a conviction of petitioner under the "car-

ry" prong of § 924(c)(1). There is no merit to this contention. On the record here, this Court is satisfied that there was sufficient evidence to sustain petitioner's conviction for carrying a firearm in violation of § 924(c)(1). Petitioner, when apprehended, was located in the driver's seat of the automobile. The .380 Walther pistol was located on the front passenger floorboard where petitioner's wife was seated. The gun was in an open plastic case and was fully loaded with a clip. The Walther pistol was within arms' reach of petitioner.

Transporting in a car a gun within reasonable reach of the defendant clearly constitutes "carrying" for the purposes of § 924(c)(1). *United States v. Baker*, 1996 W.L. 126000 *6 (7th Cir. March 22, 1996); *United States v. Freisinger*, 937 F.2d 383, 387 (8th Cir.1991); *United States v. Cardenas*, 864 F.2d 1528, 1535–36 (10th Cir.), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). In *United States v. Brockington*, 849 F.2d 872 (4th Cir.1988), a fully-loaded .380 semiautomatic pistol was recovered from under the floor mat directly beneath defendant's seat in the cab in which he was arrested. The Fourth Circuit affirmed the defendant's conviction for carrying a firearm in violation of § 924(c)(1), noting that "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." *Id.* at 876.

In a recent case which was decided after *Bailey* and which involved facts somewhat similar to those present here, the Sixth Circuit affirmed the conviction of a defendant under § 924(c)(1) for carrying a gun. *United States v. Riascos–Suarez*, 73 F.3d 616 (6th Cir.1996). In that case, the gun in question was located on the driver's side of the console of the car which defendant was driving. *Id.* at 620. The Sixth Circuit held that under *Bailey* the defendant could be convicted of carrying the gun because the firearm was immediately available for use within the defendant's reach. *Id.* at 623. In this case, the handgun, although located on the floor of the

passenger's side of the vehicle, was within petitioner's reach and immediately available for his use. *See also, United States v. Eaton*, 890 F.2d 511, 512 (1st Cir.1989), *cert. denied*, 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990).

Finally, petitioner argues that he cannot be convicted of "carrying" the Walther pistol because it was located on the passenger side of the car and belonged to his wife, co-defendant Barbara Gaskins. But ownership of the weapon has little to do with whether a drug trafficker has violated § 924(c)(1) by "carrying" it. Since the Walther pistol was within arms' reach of petitioner, there was sufficient evidence that he was "carrying" it when arrested, whether or not the weapon belonged to his wife.

For all the reasons stated, this Court concludes that pursuant to his plea of guilty to Count Three of the Indictment, petitioner was properly convicted under § 924(c)(1) of carrying a firearm in relation to a drug trafficking crime.[3] Accordingly, petitioner is not entitled to the relief which he is seeking in this case. A separate Order will be entered denying petitioner's motion for relief under § 2255.

---

**3.** Since the location of the Walther pistol in the vehicle was sufficient to sustain petitioner's conviction for "carrying" a firearm in violation of § 924(c)(1), it is not necessary for the Court to consider whether transportation of the Beretta in the trunk of the vehicle also constituted the "carrying" of a firearm for the purposes of the statute.