UNITED STATES of America, Plaintiff,

v.

Abel COTA–LOAIZA, Defendant.

No. 96–WY–828–AJ.

United States District Court, D. Colorado.

July 16, 1996.

---

Henry L. Solano, United States Attorney, and Charlotte J. Mapes, Assistant United States Attorney, Denver, Colorado, for the United States of America.

Susan G. James, Law Offices of Susan G. James & Associates, Montgomery, Alabama, for Abel Cota–Loaiza.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR POST–CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

ALAN B. JOHNSON, Chief Judge.*

Before the court is Abel Cota–Loaiza's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Having considered all of the relevant facts and law, the materials submitted by the parties, and the entire file in this case, the court concludes Mr. Cota–Loaiza's motion should be **DENIED.**

## I

Mr. Cota–Loaiza pled guilty to one count of conspiracy to possess heroin with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (hereafter "count 1") and one count of using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (hereafter "count 2"). In his plea agreement, Mr. Cota–Loaiza stipulated to the following facts:

6. The parties agree that the government's evidence would show that the date on which conduct relevant to the offense began is about August 1, 1992.

7. The parties further agree that at trial the government's evidence would show:

8. From December 1991 through July 1992 ... a DEA confidential informant and DEA Special Agent Ralph Villarreul, acting in an undercover role, had conversations regarding the purchase of controlled substances by Agent Villarreul which included discussions about the possible purchase of heroin.

---

* The Honorable Alan B. Johnson, Chief Judge of the United States District Court for the District of Wyoming, sitting by designation.

9. On August 2, 1992, the DEA confidential informant and Agent Villarreul were contacted by Ruben Dario Ramirez–Garcia and asked if they were interested in the purchase of 28 ounces of black tar heroin. The informant and Agent Villarreul indicated they were, but that the heroin would have to be delivered to Denver, Colorado. The confidential informant flew to Phoenix, Arizona and met with Ruben Dario Ramirez–Garcia on August 3, 1992. The informant was then introduced to the defendant by Ruben Dario Ramirez–Garcia who indicated that the defendant had the heroin.

10. The informant, the defendant and Ruben Dario Ramirez–Garcia drove from Phoenix to Denver and arrived in Denver on the morning of August 5, 1992. Agent Villarreul then went to the Denny's Restaurant, at I–25 and 38th Avenue in Denver, Colorado and met with the informant, Ruben Dario Ramirez–Garcia and the defendant. After discussions, the group moved outside to the vehicle in which the defendant, the informant and Ruben Dario Ramirez–Garcia had arrived. Agent Villarreul got into the car with the defendant and the defendant provided Agent Villarreul with a package that contained suspected heroin. The contents of this package and another found in a search of the vehicle following the arrest, were tested by the Drug Enforcement Administration Laboratory and found to contain 219.2 grams of heroin of 57% purity.

11. The defendant was arrested from the passenger seat of the vehicle. During the arrest, a loaded Charter Arms, .38 special revolver, serial number 1075590, was found in the front of the pants worn by the defendant.

The court sentenced Mr. Cota–Loaiza to 42 months imprisonment for count 1 and 60 months for count 2, to run consecutively, for an aggregate term of 102 months. The Court also sentenced Mr. Cota–Loaiza to four years supervised release for count 1 and three years supervised release for count 2, to run concurrently, imposed a $50.00 special assessment for each count, and waived all fines because of Mr. Cota–Loaiza's inability to pay. Mr. Cota–Loaiza did not appeal his conviction and sentence to the Tenth Circuit Court of Appeals.

On April 8, 1996, Mr. Cota–Loaiza filed the motion for post-conviction relief which is the subject of this memorandum and order, raising a single issue: whether his conviction and sentence for using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The matter is now fully briefed and ripe for decision.

## II

As a threshold matter, the court must determine whether *Bailey* applies retroactively to allow relief in collateral proceedings under 28 U.S.C. § 2255. Although the Tenth Circuit has not squarely decided this issue, all of the courts in other jurisdictions that have considered it have held *Bailey* applies retroactively. *See, e.g., United States v. Andrade,* 83 F.3d 729, 730 n. 1 (5th Cir.1996) (per curiam) (suggesting in dictum that application of *Bailey* in collateral proceedings not barred under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); *United States v. Garcia,* 77 F.3d 274, 276–77 (9th Cir.1996) (raising *Bailey sua sponte* and holding its application was not barred by law of the case doctrine despite ruling of prior Ninth Circuit panel); *Rodriguez v. United States,* 933 F.Supp. 279, 281 (1996) (defendant not procedurally barred from raising *Bailey* in successive § 2255 petition and "because *Bailey* effected a change in the substantive meaning of a criminal statute, rather than merely establishing a new constitutional rule of criminal procedure, it must be applied retroactively"); *United States v. Adams,* 1996 WL 363926, *2, n. 2 (E.D.Pa. June 21, 1996) (application of *Bailey* not barred by the Antiterrorism and Effective Death Penalty Act of 1996, even though defendant filed his § 2255 motion after the statute's effective date); *Guzman–Rivera v. United States,* —— F.Supp. ——, ——, 1996 WL 341972, *4 (D.Puerto Rico June 17, 1996) (*Bailey* is retroactive under *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41

L.Ed.2d 109 (1974)); *Alton v. United States,* 928 F.Supp. 885, 887 (E.D.Mo.1996). (citing district court decisions holding *Bailey* applies retroactively and *Bailey* claims are not procedurally barred though not raised on direct appeal); *Warner v. United States,* 926 F.Supp. 1387, 1391 & n. 5 (E.D.Ark.1996) (*Bailey* is retroactive under *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), and retroactivity is not governed by *Teague* ); *United States v. Trevino,* 1996 WL 252570, *2 (N.D.Ill. May 10, 1996) (same); *Beal v. United States,* 924 F.Supp. 913, 915–16 (D.Minn.1996) (*Bailey* claim not procedurally barred because defendant showed "cause" and "prejudice"); *United States v. Fletcher,* 919 F.Supp. 384, 387–89 (D.Kan.1996) (concluding in light of Tenth Circuit and Supreme Court precedent that defendant did not waive *Bailey* issue by pleading guilty and that *Bailey* applies retroactively); *Bell v. United States,* 917 F.Supp. 681, 683–84 (E.D.Mo.1996) (holding *Bailey* is not barred under *Teague, Bailey* claim is not procedurally barred although defendant failed to raise it on direct appeal, and defendant did not waive issue by pleading guilty); *Sanabria v. United States,* 916 F.Supp. 106, 109–14 (D.Puerto Rico 1996) (*Bailey* is not barred from retroactive application under *Teague* ); *United States v. Turner,* 914 F.Supp. 48, 49 (W.D.N.Y.1996) (retroactivity of *Bailey* governed by *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), rather than *Teague,* and under *Davis, Bailey* must be applied retroactively); *Abreu v. United States,* 911 F.Supp. 203, 206–08 (E.D.Va.1996) (holding *Bailey* is not barred under *Teague, Bailey* claim is not procedurally barred although defendant failed to raise it on direct appeal, and defendant did not waive issue by pleading guilty). The court agrees with these decisions on the question of retroactivity, and therefore holds *Bailey* applies in collateral proceedings under 28 U.S.C. § 2255. The court also agrees with the well reasoned analysis by Judge Saffels in *Fletcher,* 919 F.Supp. at 387–88, by Judge Gunn in *Bell,* 917 F.Supp. at 683–84, and by Judge Ellis in *Abreu,* 911 F.Supp. at 207–08, and shares their view that a defendant who has pled guilty has not waived his right to challenge his conviction on the ground his conduct was not unlawful under § 924(c) as interpreted in *Bailey.*

The Tenth Circuit has not yet explained how courts are to apply *Bailey* in cases in which the defendant pled guilty to a charge he used or carried a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) in a published opinion. It has, however, discussed *Bailey* 's application in cases in which a defendant was convicted of that offense by a jury. In *United States v. Miller,* 84 F.3d 1244, 1257 (10th Cir.1996), the court explained that if, as in this case, the indictment alleges that the defendant both "used" and "carried" the firearm in question, the jury was instructed on both the "use" and the "carry" prong of § 924(c), and the "use" instruction was erroneous in light of *Bailey,* the defendant's conviction under § 924(c) must be reversed unless the reviewing court is absolutely certain the jury convicted solely under the "carry" prong. It further held, however, that the defendant may be retried under the "carry" prong if a properly instructed jury could have convicted. *Id.* at 1258.

■ The court believes the concerns underlying the Tenth Circuit's decision in *Miller* are not implicated when, as in this case, the defendant has pled guilty. In *Miller,* the court observed that if a jury may convict under either of two alternate theories, and the jury instruction on one of those theories is incorrect, the jury's verdict may have been based on the theory on which it was incorrectly instructed. *Miller,* 84 F.3d at 1257. The only way to remedy the problem is to order a retrial and put the government to its proof before a properly instructed jury, as the court did in *Miller. Id.* When a defendant pleads guilty, however, it is necessary only that the court "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). Accordingly, Mr. Cota–Loaiza's motion stands or falls on whether the court finds, in light of the stipulated facts in the plea agreement, there is a factual basis for his guilty plea to count 2.

The Sixth Circuit's decision in *United States v. Riascos–Suarez,* 73 F.3d 616, 622

(6th Cir.), *petition for cert. filed* (No. 95–9285) (June 11, 1996), supports the court's conclusion. Mr. Riascos–Suarez pled guilty to a charge he used or carried a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), but later challenged his conviction on direct appeal in light of *Bailey*. The Sixth Circuit's analysis hinged on whether the factual basis of the guilty plea would support a conviction under § 924(c) in the wake of *Bailey*. It held the factual basis would not support a conviction under the "use" prong of § 924(c), as interpreted in *Bailey*, but that it would support a conviction under the "carry" prong. *Id.* at 623–24. It further held the factual basis would support a finding the defendant "carried" a firearm "in relation to" a drug trafficking offense. *Id.* In light of these findings, the court held the factual basis adequately supported the guilty plea and that the defendant's conviction under § 924(c) should be affirmed. *Id.* Furthermore, although it is only persuasive authority, 10th Cir.R. 36.3 ("Unpublished orders and judgments of this court are not binding precedents, except under the doctrines of law of the case, res judicata, and collateral estoppel."), the Tenth Circuit's unpublished decision in *United States v. Parker,* 1996 WL 202607 (10th Cir. April 26, 1996), also supports the court's conclusion. Mr. Parker brought a direct appeal from his guilty plea and sentence. *Id.* He asserted in a letter brief that his guilty plea to the charge he used or carried a firearm during and in relation to a drug trafficking offense should be vacated in light of *Bailey*. *Id.* The court remanded the case to the district court with directions "to determine whether the facts support the plea of guilty on the firearm count in light of *Bailey*. If they do not, the court shall enter an order expunging the count and deleting from the sentence the sixty months given for that count." *Id.; see also United States v. Keebler,* 1996 WL 84104, *2 (10th Cir. Feb. 27, 1996) (remanding case on direct appeal to the district "with instructions to reconsider the propriety of Mr. Keebler's guilty plea in light of *Bailey* ").

The overwhelming weight of authority from other jurisdictions also supports the court's conclusion. *See, e.g., United States v. Abdul,* 75 F.3d 327, 329–30 (7th Cir.) (directing district court to grant motion to withdraw guilty plea and vacate conviction under § 924(c) because factual basis of guilty plea did not support conviction in light of *Bailey* ), *cert. denied,* —— U.S. ——, 116 S.Ct. 2569, 135 L.Ed.2d 1085 (1996); *United States v. Franklin,* 1996 WL 370183 (D.Kan. June 28, 1996) (conviction under § 924(c) is valid if factual basis for guilty plea shows the defendant carried a firearm during and in relation to a drug trafficking offense); *Adams,* 1996 WL 363926, at *2–3 (same); *Paese v. United States,* 927 F.Supp. 667, 673 (S.D.N.Y.1996) (distinguishing cases where defendant stood trial and where defendant pled guilty, holding "[b]ecause [defendant] pled guilty, any legal theory which would support a finding that there was a factual basis for the plea is sufficient to uphold it," and denying relief because the factual basis was sufficient under *Pinkerton* conspiracy theory); *Gaskins v. United States,* 925 F.Supp. 396, 399–400 (D.Md.1996) (denying relief because defendant "was well aware that he was pleading guilty to both using and carrying a firearm during and in relation to a drug trafficking crime" and there was an adequate factual basis for the guilty plea under the "carry" prong); *United States v. Deases,* 923 F.Supp. 170, 172–73 (D.Kan.1996) (conviction under § 924(c) is valid because factual basis for guilty plea shows he carried a firearm during and in relation to a drug trafficking offense); *United States v. Bazemore,* 922 F.Supp. 611, 612–13 (M.D.Ga.1996) (same); *Putze v. United States,* 920 F.Supp. 92, 94–95 (E.D.Va. 1996) (same); *Crowder v. United States,* 920 F.Supp. 675, 677–78 (W.D.N.C.1996) (same), *cert. of appealability denied and appeal dismissed,* 1996 WL 366250 (4th Cir. July 2, 1996); *Fletcher,* 919 F.Supp. at 389 (because factual basis is insufficient in light of *Bailey,* defendant is entitled to relief unless government produces additional evidence to establish factual basis for guilty plea).[1]

---

1. Chief Judge Larimer took the matter one step further in *United States v. Canady,* 920 F.Supp. 402 (W.D.N.Y.1996). After a bench trial, Chief

Judge Larimer found the defendant had used or carried a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.

As the Sixth Circuit did in *Riascos-Suarez*, the court finds there is an adequate factual basis to support Mr. Cota–Loaiza's guilty plea under the "carry" prong of § 924(c), given that he physically carried the firearm on his body. *See United States v. Manning*, 79 F.3d 212, 216 (1st Cir.) (post-*Bailey* decision holding defendant physically "carried" firearm in a briefcase), *petition for cert. filed* (No. 95–9375) (June 19, 1996). The court also finds there is an adequate factual basis to support the conclusion Mr. Cota–Loaiza carried the firearm "during and in relation to" a drug trafficking offense within the meaning of § 924(c). "To establish this nexus, there must be evidence that defendant *intended* the weapon to be available for use during [a] drug transaction. Specifically, the government must prove the defendant availed himself of the firearm and that the firearm played an integral role in a drug trafficking offense. The government can prove the firearm was readily accessible and that the defendant availed himself of it by showing close proximity between the firearm and the drugs." *Miller*, 84 F.3d at 1260 (citations and internal quotation marks omitted; emphasis in the original). The court finds, in light of the stipulated facts in ¶¶ 10–11 of the plea agreement, that the firearm was readily accessible to Mr. Cota–Loaiza and that there was a close proximity between the firearm, the drugs, and Mr. Cota–Loaiza during the heroin transaction.

### III

For the reasons stated, **IT IS HEREBY ORDERED** that Mr. Cota–Loaiza's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is **DENIED.**

---

§ 924(c). *Id.* at 404. Mr. Canady later sought post-conviction relief under § 2255 on the ground his conviction was invalid in light of *Bailey*. *Id.* Chief Judge Larimer acknowledged that the evidence was insufficient to show he "used" a firearm as defined in *Bailey*. *Id.* at 406. However, undaunted, Chief Judge Larimer consulted the trial transcript, found the government had proven beyond a reasonable doubt that Mr. Canady had "carried" the firearm, and denied Mr. Canady's § 2255 motion. *Id.* at 406–07.